37686, 37696. THOMPSON *v.* WALKER *et al.;* and *vice versa.*

CARLISLE, Judge. ■ In the main bill of exceptions the claimant assigns error on the ruling of the superior court which affirmed the findings of fact and award of the State Board of Workmen's Compensation. On the original hearing the director of the state board dismissed the appeal finding that the employer of the claimant did not have regularly in his employ ten or more employees, and that under the provisions of Code (Ann.) § 114-107 the board did not have jurisdiction. On appeal to the full board, the claimant contended that the evidence did not substantiate the findings of the single director in that certain evidence of the employee and elicited from the employer on cross-examination showed that he in fact did have more than ten employees on his payroll at the time the claimant sustained his injury. Subsequently, after the

full board had entered findings of fact and am award in accordance with the findings of fact and award of the single director, the claimant 'appealed to the superior court by filing a lengthy document in which he set out and quoted testimony which he contended required a finding and award contrary to that entered. Properly construed, the appeals to the full board and to the superior court made the contention that there was not sufficient competent evidence in the record to warrant the board in making the findings of fact and award complained of. While the language of the appeals nowhere embodied exactly the language of any of the five grounds of appeal set out in Code § 114-710, it is not essential to a valid appeal that the exact language of the statute be embodied in the assignment of error on appeal. It is sufficient if the appeal can reasonably be construed as assigning error on one of the grounds provided for by the statute. Accordingly, the motions to dismiss the appeal on the ground that there was no proper assignment of error filed in the superior court as complained of in the cross-bill of exceptions were properly denied, and the motion here to dismiss the writ of error on substantially the same ground is denied.

■ The finding of the director that the employer had less than ten employees regularly in his employ at the time the plaintiff sustained the injury was amply sustained by documentary evidence introduced and by the testimony of the employer on direct examination. Evidence to the contrary merely raised issues of fact to be resolved by the fact-finding body, and those issues having been resolved by that body in favor of the employer and being supported by some evidence, the judge of the superior court did not err in affirming the findings and award of the full board. *Shivers* v. *Liberty Mutual Ins. Co.*, 75 *Ga. App.* 409 (43 S. E. 2d 429).

*Judgment affirmed on both bills. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 17, 1959—REHEARING DENIED JUNE 29, 1959.

*Eva L. Sloan,* for plaintiff in error.
*Milton F. Gardner, Erwin Sibley, Joseph B. Duke,* contra.