53252. HOME INDEMNITY COMPANY et al. v.
BROWN.

MARSHALL, Judge.

This appeal arises from an affirmance by the Superior Court of Floyd County of an award of workmen's compensation by an administrative law judge as approved by the Georgia Board of Workmen's Compensation. The principal problems caused by this appeal result from imprecise findings and conclusions by the administrative law judge and equally imprecise interpretations thereof by the superior court judge upon appeal.

The facts show that Brown came to work for appellant, Central Electric Company, as an electrician in August, 1973, and worked until January, 1974. Brown was seen by a doctor in October, 1973, complaining of back pain and was referred to another doctor who specialized in neck surgery. Brown testified that he had been performing routine labor required of an electrician on behalf of Central Electric but that the twisting, reaching and overhead work required caused him such great pain that he frequently had to stop to let the pain subside. In December, 1973, and January, 1974, Brown told at least his supervisor, his foreman, and the president of Central

Electric that he could not perform his duties properly because of the back and neck pain. He was told to see a doctor. At one point Brown asked to be laid off because he could not do the work. Nevertheless he was kept on the job. On and after January 25, 1974, Brown became incapacitated for any further work. There was evidence by medical experts that the nature of work performed by Brown during the fall and winter of 1973-1974 could cause aggravation of a pre-existing back injury.

After hearing the evidence, the administrative law judge found that claimant sustained an injury arising out of and during the course of his employment effective January 25, 1974 (the last day of work), when a pre-existing back injury became aggravated to the point he was forced to cease employment and that the condition continued to exist. The judge also found that Central Electric was fully aware that Brown could not perform his job because of the back problem but that Brown did not give notice of the injury as required by Code § 114-303.

Upon appeal by the employer to the full board (which affirmed the administrative law judge) and thence to the superior court, the superior court affirmed the award in favor of Brown. While the superior court "basically adopted" the findings of the administrative law judge, the superior court indicated that it disagreed with those findings of the judge dealing with the efficacy of notice given the employer, and with what the superior court apparently considered to be a lapsus linguae by the administrative law judge in that all the evidence and references to time indicated that Brown was unable to work after January 25, 1974, but at one point in the notice of award, the judge recited that Brown had worked up until December, 1974.

In its enumerations of error, Central Electric asserts that the superior court erred in substituting its findings for that of the administrative law judge; that there was insufficient evidence of notice of injury to the employer; and, that there was insufficient evidence to show that Brown suffered a compensable injury. *Held:*

1. As we view the finding by the administrative law judge pertaining to notice, it makes no sense if it is interpreted as indicating that the employer was given no

notice at all of an injury. The actual finding reflects that the employer was aware that Brown could not perform his job because of his back problem and, thus, the employer was not prejudiced by failure to receive notice as is required under section 114-303 of the Georgia Code. We conclude, as apparently did the superior court judge, that the notice referred to by the administrative law judge is that written or oral notice of a specific injury within 30 days of the injury required by Code § 114-303. However, the statute also provides that such written notice is not required where the employer is aware of the injury. Reading the findings of the judge as a whole, it is apparent that he found a compensable, work-related injury arising out of the aggravation of Brown's pre-existing back injury and that the employer was aware of this "new injury." We are satisfied therefore that the superior court was not substituting new findings of fact for those of the administrative law judge, but was interpreting the imprecise language of that functionary's original finding. Though the language of the superior court itself is imprecise, the judge of that court did specifically adopt the basic findings of the administrative law judge. This is true also of the action of the superior court wherein it corrected the obvious slip of the tongue relating to date in the findings of the administrative law judge.

The conclusion of adequate notice found by both judges is fully supported by the present state of the law. In the recent case of *Schwartz v. Greenbaum,* 236 Ga. 476, 477 (224 SE2d 38), our Supreme Court held: "The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so." We are satisfied that the administrative law judge made an adequate finding of fact that the employer in this case was on notice of the injury. We are also convinced that the superior court judge correctly interpreted the finding to be one of adequate notice and did not substitute a new finding either as to notice or by the change of date. The evidence fully supports these findings.

2. Another question before the administrative law judge was whether Brown during the period from August,

1973, to January, 1974, while in the course of his employment with Central Electric suffered an aggravation of an old injury so as to have an accidental injury within the rule stated in *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) and further delineated in *Employers Mut. Liab. Ins. Co. v. Shipman,* 108 Ga. App. 184 (132 SE2d 568), and *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592). Those cases hold that if the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law, and is compensable and it is not necessary that there be a specific job-connected incident which aggravates the previous injury. See *U. S. Asbestos v. Hammock,* 140 Ga. App. 378, 379 (231 SE2d 792). It is well settled that where a disability results which is objectively, physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one "accident" at a specifiable time and place to which the result may be attributable. *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72); *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, 514 (181 SE2d 874). Aggravation by continued work of a previous injury is a "new accident." *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332, 333 (177 SE2d 125); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 194 (225 SE2d 778).

There was ample evidence that though Brown suffered from a pre-existing back injury, he suffered a "new injury" while carrying out the duties imposed upon him by his employer during the period of his employment. Upon appeal from an award of an administrative law judge or the Georgia State Board of Workmen's Compensation granting compensation, the evidence will be construed in the light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). Such findings of fact, when supported by any evidence, are conclusive and binding upon the superior court and this court. *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 804 (3) (198 SE2d 412); *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689). See *Howard Sheppard, Inc. v. McGowan,*

137 Ga. App. 408, 410 (224 SE2d 65).

3. The remaining enumeration of error complaining that the finding of injury was lacking in specificity and thus was based upon an erroneous legal theory has been examined and found to be without merit. We are satisfied that the findings of the administrative law judge that Brown suffered a compensable, work-related injury, which caused his total incapacitation is fully supported by the evidence whether that injury was to his back or his neck. Where the finding is supported by any evidence, it will be affirmed. *Speight v. Container Corp.*, 138 Ga. App. 45, 46 (225 SE2d 496).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1977 —DECIDED FEBRUARY 25, 1977 — REHEARING DENIED MARCH 11, 1977 —

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.
*Alford Wall,* for appellee.