A95A2036. TRUCKSTOPS OF AMERICA, INC. et al.
v. ENGRAM.
(469 SE2d 425)

RUFFIN, Judge.

In this discretionary appeal, Truckstops of America, Inc. and its workers' compensation insurer, Pacific Employers Insurance Company, (collectively "Truckstops") appeal from the superior court's order reversing the award of the appellate division of the State Board of Workers' Compensation. Truckstops asserts that the superior court erred in concluding Pinkie Engram's notice of appeal was sufficient and in holding that the appellate division applied an incorrect standard of review. For reasons which follow, we reverse.

Engram, who was employed by Truckstops as a waitress, sustained a work-related injury to her right knee on January 20, 1992, and a work-related injury to her left knee on August 4, 1993. After each accident, Engram received benefits including disability, and after treatment was released to work by her treating physician, Dr. Melvin Deese. Engram continued working for Truckstops until February 9, 1994, when she was terminated for allegedly stealing money. Engram did not find other employment after being terminated, and on February 21, 1994, returned to Dr. Deese complaining of pain in both knees.

On May 25, 1994, a hearing was held before an administrative law judge to determine whether Engram experienced a change in condition that would require Truckstops to recommence total disability

benefit payments. The ALJ found that Engram's failure to find suitable employment was the proximate result of her Truckstops injuries and that as of February 9, 1994, she experienced a change in condition that required Truckstops to recommence payment of total disability income benefits.

On October 19, 1994, the appellate division conducted a de novo review of the case and on December 23, 1994, issued an award concluding that Engram did not carry her burden of showing a change in condition. The board found that although Engram was not entitled to the total disability benefits awarded by the ALJ, because she continued to have work restrictions, she was entitled to continuing temporary partial disability benefits.

Engram appealed the appellate division's award to the superior court. The superior court found that the appellate division erroneously conducted a de novo review of the evidence and concluded that under the amended version of OCGA § 34-9-103 (a), the ALJ's award was "supported by a preponderance of the competent and credible evidence. . . ." The superior court reversed the decision of the appellate division and ordered the board to "effectuate the decision of the [ALJ]. . . ."

1. Truckstops asserts that the superior court erred in failing to dismiss Engram's appeal because her notice of appeal did not properly state the grounds for her appeal. Engram's notice of appeal to the superior court stated in part that she was "dissatisfied with the Findings of Fact, the Conclusions of Law and the Award made by Harrill L. Dawkins, Administrative Law Judge, [sic] dated December, 23, 1994. . . ."

OCGA § 34-9-105 (b) requires an appeal to the superior court to be "in writing stating generally the grounds upon which such appeal is sought." OCGA § 34-9-105 (c) includes as grounds for appeal that "[t]he facts found by the members do not support the decision . . . [and that t]he decision is contrary to law." "[I]t is not essential to a valid appeal that the exact language of the statute be embodied in the assignment of error on appeal. It is sufficient if the appeal can reasonably be construed as assigning error on one of the grounds provided for by the statute." *Thompson v. Walker*, 99 Ga. App. 748, 749 (1) (109 SE2d 833) (1959).

Under this standard, we believe Engram's notice was sufficient. The notice raised as grounds the sufficiency of the finding of facts and the conclusions of law, both of which are grounds for appeal listed in OCGA § 34-9-105 (c). Furthermore, the notice properly stated that Engram was appealing from the award dated December 23, 1994, which was the date of the award of the appellate division. While Engram mistakenly identified the award on that date as the award of the ALJ, it is clear that the ALJ's award was issued on July 22, 1994.

Accordingly, because we look at substance, not form, and the substance of Engram's notice could reasonably be construed as assigning error on grounds provided for by OCGA § 34-9-105 (c), the trial court did not err in failing to dismiss the appeal. See *Comm. for Better Govt. v. Black*, 216 Ga. App. 173 (1) (453 SE2d 772) (1995).

2. Truckstops also asserts that the trial court erred in reversing the award of the appellate division and holding that the appellate division erroneously conducted a de novo review, when it should have applied the standard of review provided in the amended version of OCGA § 34-9-103 (a). The amended version of OCGA § 34-9-103 (a), effective July 1, 1994, provides that on appeal to the appellate division, "[t]he findings of fact made by the [ALJ] in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records." Truckstops argues that because the standard of review is a substantive law, it applies only prospectively.

This issue is controlled by this Court's recent decision in *Clinical Arts &c. v. Smith*, 218 Ga. App. 681 (462 SE2d 757) (1995). As in *Smith*, we find here that "the appellate division erred by failing to apply the amended version of the statute when it rendered its decision on [December 23, 1994]. The statute is procedural, there is no vested right in preserving appellate review of the ALJ's decision under the version of OCGA § 34-9-103 (a) which existed at the time the ALJ [heard] the case, and the Legislature did not express an intent that the amendment not be applied retroactively. [Cit.] Therefore, when the appellate division rendered its decision on [December 23, 1994], it should have applied the amended version of OCGA § 34-9-103 (a) as the standard of review, rather than the de novo review applicable under the former version of the statute. [Cits.]" Id. at 683.

However, although we agree with the superior court that the appellate division applied the wrong standard of review, we also agree with Truckstops that the superior court should have remanded the case to the appellate division to apply the correct standard. Accordingly, we reverse and "remand the case to the superior court with directions that the case be recommitted to the appellate division of the Board for review under the proper standard as set forth in this opinion." Id.

*Judgment reversed and case remanded with directions. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 1996.

*Drew, Eckl & Farnham, John A. Ferguson, Jr., Nicole D. Tifverman*, for appellants.

*Edward E. Boshears*, for appellee.