A08A0428. RHEEM MANUFACTURING COMPANY v. BUTTS.
(664 SE2d 878)

ADAMS, Judge.

Rheem Manufacturing Company appeals the denial of its motion for summary judgment contending that the plaintiff's claims are barred by the exclusive remedy provision of the Georgia Workers' Compensation Act. We granted Rheem's application for interlocutory appeal.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The essential facts are not in dispute. Ernesto Butts was employed by Rheem from January 2000 to January 2003. Rheem's facility included an on-site medical clinic staffed by a full-time nurse and a physician who was on-site one or two days a week. On August 9, 2001, Butts went to the clinic complaining of pain in his knee. Although he had previously experienced knee pain as a result of a prior sports injury, he attributed the current pain to standing all day on the job. He was prescribed ibuprofen, but the pain did not go away. Several months later, on December 6, 2001, Butts reported to the clinic again, complaining to the nurse and Dr. Michael Duke about pain and swelling behind his left knee that he noticed while working. Duke suspected a Baker's cyst. He recommended that Butts stay off the leg, and he prescribed ice and Naproxen.

On May 20, 2002, Butts returned to the clinic and saw Dr. Susan Robins, again complaining that he had a swollen area on the backside of his knee which had grown larger. Robins ordered, and Rheem's workers' compensation carrier paid for, an x-ray of Butts's leg. The x-ray was negative. On May 31, 2002, Butts returned to the clinic, and this time Robins indicated she would refer Butts to an orthopedic specialist, but, it is alleged, the referral did not take place. More than two months passed, and on August 15, 2002, Butts returned to the Rheem clinic and saw a third physician who referred

Butts to an orthopedist. The orthopedist ordered testing including an MRI, which led to the discovery that Butts had cancer, including a tumor in his leg. On April 12, 2005, not quite three years after being diagnosed, Mr. Butts died as a result of the cancer.

While he was still living, Butts brought a negligence action against Rheem, as well as Dr. Duke and Dr. Robins, both of whom he contended negligently delayed the diagnosis and treatment of his cancer. As to Rheem specifically, Butts claimed that Rheem was vicariously liable for the negligent acts of Dr. Duke and Dr. Robins. Following his death, Mr. Butts's wife was substituted as the plaintiff and she filed a separate action for wrongful death. The two actions have been consolidated. Eventually Rheem moved for summary judgment based on this Court's judgment in *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578 (621 SE2d 554) (2005), but the trial court distinguished *Crisp* and denied the motion. This appeal followed.

The trial court addressed only the question of whether the claims against Rheem were barred by the exclusive remedy provisions of the Workers' Compensation Act. The court's order states that, for the purposes of its order, it assumed without deciding that the nurses and doctors at the Rheem clinic were "agents of Rheem for whom Rheem is vicariously liable." This assumption may or may not impact on whether the doctors should be considered employees under the Act and the facts on that question are in dispute. But, under either scenario, we find that Rheem is not liable in tort.

"Tort immunity is dependent upon the compensability of the injury under the Act." *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. 14, 15 (506 SE2d 101) (1998). An injury is compensable under the Act "[w]hen an employee is negligently injured by a co-employee and his injury 'arises out of and in the course of employment' "; under these circumstances, "the employee's exclusive remedy against either his employer or the co-employee is a claim for workers' compensation benefits. [Cit.]" *Lee v. Sears*, 223 Ga. App. 897 (479 SE2d 196) (1996). See also OCGA § 34-9-11 (a).[1] The exclusive remedy applies to injuries caused by "all co-employees, regardless of their position, skills, or responsibilities." (Footnote and emphasis omitted.) *Cotton v. Bowen*, 241 Ga. App. 543, 545 (2) (524 SE2d 737) (1999) (employee construction design professional, who designed machine that injured plaintiff, was immune from suit). See also OCGA § 34-9-11 (a).

"Arising out of" and "in the course of" have been described by the Supreme Court as follows:

---

[1] In Georgia, there is an exception to this rule in that an employee may pursue a medical malpractice action against a company physician. *Davis v. Stover*, 258 Ga. 156 (366 SE2d 670) (1988). The doctors are not a part of this appeal.

> An injury arises "in the course of" employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties. An injury arises "out of" the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury.

(Citations omitted.) *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). "Whether an injury arises out of and in the course of employment is generally a mixed question of law and fact. But where . . . the material facts are not in dispute, that issue may be determined as a matter of law. [Cit.]" *Lee*, 223 Ga. App. at 897.

Before addressing whether Butts's injuries arose out of and in the course of employment, we first note that the Act itself provides that compensable injuries include "the aggravation of a preexisting condition by accident arising out of and in the course of employment. . . ." OCGA § 34-9-1 (4). See also *Doss v. Food Lion*, 267 Ga. 312 (477 SE2d 577) (1996) (Act provides benefits for aggravation of initial injury). Similarly, it has been held that if employment contributes to aggravation of a pre-existing injury, "it is an accident under our compensation law, and is compensable[,] and it is not necessary that there be a specific job-connected incident which aggravates the previous injury." *Home Indem. Co. v. Brown*, 141 Ga. App. 563, 566 (2) (234 SE2d 97) (1977). Also, aggravation of a pre-existing condition is compensable even when the pre-existing condition is not work-related and unknown to the employee at the time.[2] And the negligence of delaying medical treatment thereby exacerbating a prior compensable injury is a form of accident that is covered by the Act. *Crisp Regional Hosp.*, 275 Ga. App. at 581 (1).

In this case, both Rheem and Butts have failed to properly characterize the alleged injury in this case. Rheem contends that because Butts admitted his working conditions caused swelling and pain, his injury arose out of and in the course of his employment. Mrs. Butts asserts that her husband's pain did not amount to a

---

[2] See, e.g., *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995) (aggravation of a pre-existing condition is compensable); *SMB Stage Line, Inc. v. Leach*, 204 Ga. App. 229 (418 SE2d 791) (1992) (work-related aggravation of congenital back condition was compensable); *Massachusetts Bonding & Ins. Co. v. Turk*, 84 Ga. App. 547 (66 SE2d 364) (1951) (aggravation of a nonwork-related, pre-existing condition is compensable even if condition unknown to employee at time of aggravated injury); *Lumbermens Mut. Cas. Co. v. Reed*, 84 Ga. App. 541 (66 SE2d 360) (1951) (actions of co-employee resulting in aggravation of pre-existing malignant carcinoma is compensable).

disability during the course of his employment; rather she seeks recovery for how Rheem's doctors' negligence aggravated his pre-existing cancer, which, she contends, had nothing to do with his employment. We disagree with both. The injury alleged in this case is that Butts's pre-existing, nonwork-related cancer spread as a result of Rheem's doctors' negligence in failing to diagnose Butts's cancer in a timely manner. In other words, if we construe the facts in favor of Butts to conclude that the doctors were employed by Rheem, the injury causing "accident" was the negligence of a co-employee, i.e., the doctors. See *Cotton*, 241 Ga. App. 543. Cf. *Davis v. Stover*, 258 Ga. 156 (366 SE2d 670) (1988) (noting that wife was awarded workers' compensation benefits for negligent failure of company doctor to diagnose employee's pre-existing, nonwork-related heart ailment). But even if the doctors were not considered employees, but only as having been furnished pursuant to the Act, Rheem cannot be liable for their malpractice.

The alleged injury arose in the course of Butts's employment. It occurred during work hours at Rheem's medical facility, and Butts was doing something incidental to his duties by seeking medical care at the company clinic for pain occurring on the job. Compare *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. at 16 (independent hospital where employee sought treatment for a work-related injury was not a place where he performed employment duties or took any action incidental to his employment duties). The injury also arose "out of" his employment. Given the fact that the company provided an on-site clinic for work-related injuries, it is reasonable to perceive a causal connection between visiting such a clinic and injuries resulting from failure of clinic professionals to properly diagnose both work-related and nonwork-related conditions for which the employee has presented symptoms. Butts would not have been exposed to the risk of negligent medical treatment by Rheem's doctors if he were not employed by Rheem. See *Firestone Tire & Rubber Co. v. Crawford*, 177 Ga. App. 242, 243 (2) (339 SE2d 292) (1985) (trip to physician arose out of and in the course of employment where there was some evidence trip was required by his employer).

Furthermore, even if the doctors are not considered employees, it is undisputed that they were furnished by Rheem pursuant to the Act. And the Act specifically provides immunity to employers for malpractice in that situation:

> The employer shall not be liable in damages for malpractice by a physician or surgeon furnished pursuant to this chapter, but the consequences of any malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such.

OCGA § 34-9-203 (b).

Although Butts's cancer was not an occupational disease and it did not arise out of his employment, he was injured when Rheem's doctors negligently failed to diagnose his pre-existing condition when he sought treatment for what appeared to be a work-related condition at the company clinic. Under these circumstances, Rheem cannot be held liable for the doctors' actions. Although not relying on these cases as authority, we note that our decision is in accord with other jurisdictions considering the same issue. See, e.g., *Hawksby v. DePietro*, 754 A2d 1168 (N.J. 2000) (company doctor's negligent failure to diagnose pre-existing leg cancer while treating compensable injury constituted a risk incidental to employment, and workers' compensation is the exclusive remedy); *Unger v. Continental Assur. Co.*, 481 NE2d 684, 687-688 (Ill. 1985) (injury resulting from aggravation of nonwork-related disease due to the failure of company doctor to diagnose plaintiff's lung cancer arose out of and in the course of plaintiff's employment under Illinois law). As stated in *Unger*, "[w]e cannot discern a significant difference between the causal connection of injury and employment in the instant case and the more common situation of the aggravation of a work-related injury." *Unger*, 481 NE2d at 689.

Accordingly, the trial court's judgment is reversed and the case remanded with instruction to enter summary judgment in favor of Rheem.

*Judgment reversed and case remanded with instruction. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 8, 2008.

*Jones, Cork & Miller, Sharon H. Reeves, Thomas C. Alexander,* for appellant.

*Sell & Melton, Mitchel P. House, Jr., Jeffrey B. Hanson,* for appellee.