### A10A1408. THE HOME DEPOT et al. v. McCREARY.
(703 SE2d 392)

BARNES, Presiding Judge.

Cathy McCreary sought workers' compensation benefits for a "fictional new injury," contending that she suffered a closed head injury at work in 2001 but kept working until she could work no longer in June 2003. The ALJ granted her medical benefits for the 2001 injury, but did not address the fictional new injury issue or McCreary's claim for income benefits. Home Depot appealed and the Appellate Division reversed. McCreary appealed to the superior court, which remanded the case to the Appellate Division for further action. We granted Home Depot's application for discretionary review of the superior court's order, and upon review, we affirm.

1. Home Depot argues first that neither the Workers' Compensation Board's Appellate Division nor the superior court had subject matter jurisdiction to consider whether McCreary suffered a fictional new injury in June 2003 because McCreary did not cross-appeal the ALJ's "denial of benefits on the June 27, 2003, date of injury."

McCreary responds that she argued the merits of her June 2003 fictional new injury before both the Appellate Division and the superior court, and Home Depot never raised the jurisdictional issue until its brief before this court. Further, the ALJ did not deny her claim for a fictional new injury; he simply did not address it at all.

Before 1994, an appeal of an ALJ award to the full Board of Workers' Compensation "open[ed] the entire case as a de novo proceeding." *Ga. Dept. of Revenue v. Hughes*, 99 Ga. App. 127, 128 (1) (108 SE2d 184) (1959). "Either party could have urged any question on the appeal that it could have urged in the original trial of the matter before the [ALJ]," id., and therefore a claimant could not dismiss his appeal to the Board when the employer had already argued to the Board that the ALJ erred in part, even though the employer had not cross-appealed. *Atlanta Family Restaurants v. Perry*, 209 Ga. App. 581 (434 SE2d 140) (1993) (physical precedent only).

At that time, OCGA § 34-9-103 (a) provided that the Appellate Division considered de novo an appeal from an ALJ award, could hear additional evidence if it chose, and could substitute its own findings of fact if any evidence supported them. In 1994 the legislature rewrote OCGA § 34-9-103 (a) to remove the provision allowing the Division to hear additional evidence, and to provide that "the findings of fact made by the [ALJ] in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records." *Clinical Arts &c. v. Smith*, 218 Ga. App. 681, 682 (462 SE2d 757) (1995).

> Thus, the appellate division must weigh the evidence and assess the credibility of witnesses and if it determines that the award of the ALJ is supported by a preponderance of admissible evidence, it will be accepted. But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statutes' evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly.

*Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997).

Home Depot argues that the 1994 legislation changed the Appellate Division's standard of review from de novo "to an appeal," quoting from *Clinical Arts &c. v. Smith*, supra, 218 Ga. at 682, n. 1. This quotation, however, is incomplete. In that case we noted that the Appellate Division could no longer consider additional evidence

under the 1994 modification, and thus it appeared that the legislature

> intended to alter the nature of appellate review by the Board from that of a *strictly de novo* proceeding conducted by a Board capable of finding facts by hearing additional testimony, to *an appeal to the appellate division, under the new modified scope of review*, based on a record established in the trial division.

(Emphasis supplied.) Id.

Neither *Great American Indem. Co. v. Wimberly*, 96 Ga. App. 588 (100 SE2d 593) (1957), nor *Dempsey v. Gen. Motors*, 102 Ga. App. 408 (116 SE2d 509) (1960), requires a different answer. In both cases, we held that the Board as an administrative body lacked subject matter jurisdiction to reconsider a prior award without a timely application for review. Further, we held that this jurisdictional requirement of a timely application could not be waived. We have also held, for example, that the State Board of Workers' Compensation lacks subject matter jurisdiction to consider a fraud claim against an insurance agent, *Gulf States Underwriters &c. v. Bennett*, 260 Ga. App. 699, 701 (1) (580 SE2d 550) (2003), and that the superior court lacks subject matter jurisdiction to consider a workers' compensation award after it is affirmed by operation of law because the court failed to hold a hearing or issue a ruling within the time prescribed by OCGA § 34-9-105 (b). *Truckstops of America v. Engram*, 229 Ga. App. 616, 617 (494 SE2d 709) (1997). None of these situations resembles the one involving this appeal.

Here, Home Depot timely appealed the ALJ's award to the Appellate Division, arguing that the statute had run on the 2001 injury and that the ALJ erred in finding that McCreary suffered a compensable injury on that date and in awarding her benefits. In response, McCreary agreed that the ALJ erred in finding she suffered a compensable injury in 2001, because she dismissed that claim at the hearing, but contended the ALJ made a clerical error in citing the 2001 date instead of the 2003 fictional new injury date. Thus, the issue before the Appellate Division was whether the trial court properly ruled on McCreary's injury date, an issue that arose from both parties' arguments. Accordingly, under its modified scope of review set out in OCGA § 34-9-103 (a), the Appellate Division had subject matter jurisdiction to reconsider all of the ALJ's findings. Once it did so, upon a timely application the superior court also had subject matter jurisdiction to consider the appeal.

Further, while Home Depot contends on appeal that it never had an opportunity to raise this jurisdictional argument before now, the

record establishes otherwise. The ALJ did not *deny* benefits on the June 2003 injury; instead, he made no ruling regarding the June 2003 injury claim at all. Confusingly, while the ALJ acknowledged that both parties stipulated the statute of limitation had run on the 2001 injury, he then awarded McCreary benefits for that injury. In its appeal of the ALJ award to the Appellate Division, Home Depot argued that the ALJ erred in awarding benefits for the 2001 injury. In her response, McCreary conceded the statute had run on the 2001 injury but argued she was entitled to benefits beginning with the June 2003 fictional new injury date. Home Depot did not object to the argument or contend that the Appellate Division lacked subject matter jurisdiction to consider McCreary's claim for benefits beginning in 2003.

When she lost before the Appellate Division, McCreary appealed to the superior court, arguing that the Appellate Division erred in finding no evidence of any deterioration in her cognitive function resulting from her continued work activity, and erred in finding she "failed to carry her burden of showing that her work injury was the proximate cause of her cognitive disabilities." In her brief to the superior court, McCreary argued that she had two injury dates, that she suffered a fictional new injury when she had to quit working in June 2003, and that the ALJ obviously erred in finding she was disabled in 2001 instead of 2003. Home Depot never argued in response that McCreary should have cross-appealed the ALJ's decision or that the superior court lacked subject matter jurisdiction to consider whether McCreary was entitled to benefits from a fictional new injury in June 2003. Instead, it argued the merits of the issue, contending that the ALJ erred in finding McCreary sustained a compensable injury in February 2001 when the parties had stipulated the statute had run on that claim.

In light of the statutes, case law, and facts of this case, we find no merit in Home Depot's argument that the Appellate Division and superior court lacked subject matter jurisdiction to consider McCreary's claim.

2. Home Depot also argues that the superior court erred in vacating the Appellate Division's award and remanding to the Division for further proceedings, because "any evidence" supported the Division's findings. As a factfinder, the Appellate Division is authorized to assess witness credibility, weigh conflicting evidence, and draw factual conclusions different from those reached by the ALJ who initially heard the dispute. *Bankhead Enterprises v. Beavers*, supra, 267 Ga. at 507. "So long as there is some evidence to support the State Board's decision, findings of fact by the State Board are conclusive and binding on reviewing courts, and judges

lack authority to set aside an award based on disagreement with the Board's conclusions." (Citation and punctuation omitted.) *Lowndes County Bd. of Commrs. v. Connell*, 305 Ga. App. 844, 845 (701 SE2d 227) (2010). "However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review" in superior court and on appeal to this court. (Footnote omitted.) *Gill v. Prehistoric Ponds*, 280 Ga. App. 629 (634 SE2d 769) (2006). In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the Appellate Division. *Jarallah v. Pickett Suite Hotel*, 204 Ga. App. 684, 686 (1) (420 SE2d 366) (1992).

So construed, the evidence shows that on February 6, 2001, a Home Depot co-worker dropped a 76-pound sheet of plywood that struck McCreary on her left eyebrow. She drove herself to the emergency room, where her wound was cleaned and closed, and she was discharged. She returned to work the next day for a meeting, then went home early but took no more time off and made no workers' compensation claim. Her health insurer paid the related medical bills.

According to McCreary, she began experiencing cognitive difficulties that made her job difficult, although before the injury she had been progressing rapidly in her career at Home Depot. She sought help from medical doctors and counselors, and finally concluded that her problems resulted from the 2001 head injury. Meanwhile, McCreary injured her neck at work in January 2002 and made a workers' compensation claim based on that injury. She stopped working in June 2003, for reasons that are disputed. Her 2002 neck injury was determined to be compensable and she began receiving temporary total disability income benefits for that injury in July 2003.

McCreary sought workers' compensation benefits for the head injury, contending she suffered a "fictional new injury" when her symptoms became so bad she had to stop working in June 2003. At some point, McCreary claimed the 2001 head injury was also compensable, and the two claims were joined.[1] In August 2008, McCreary requested a hearing, at the end of which she conceded that the statute had run on her 2001 injury, and argued instead that her continued employment aggravated her 2001 work-related head injury until she became unable to work in June 2003. That date thus constituted her alleged compensable "fictional new injury."

---

[1] Different insurance companies covered the 2001 and June 2003 claims.

The ALJ in his opinion noted that the issue was whether McCreary was entitled to income benefits from June to July 2003 and to medical benefits for the head injury for that same time period, then noted that the parties agreed the statute of limitation had run on the 2001 injury. After exhaustively reviewing the evidence, the ALJ then found that McCreary suffered a head injury in 2001 that had required psychological and psychiatric treatment for which Home Depot was liable, and inexplicably awarded McCreary over $8,500 for medical expenses and mileage costs incurred since 2001. The ALJ made no findings regarding whether McCreary suffered a fictional new injury when she left work in June 2003 or on her claim for income benefits from June to July 2003.

Home Depot appealed to the Appellate Division, which reversed the ALJ, both because the statute had run on the 2001 injury and because it found that "no evidence" supported McCreary's contention that her work aggravated the head injury, but instead showed she had pre-existing unrelated cognitive issues. McCreary appealed to the superior court, which set aside the Division's conclusion that no evidence supported McCreary's claim that her cognitive function deteriorated as a result of her continued work activity, and remanded for the Division to weigh the conflicting evidence contained in the record. The superior court also remanded the case to the Appellate Division "for clarification as to whether the doctrine of aggravation of a preexisting condition was considered."

Contrary to Home Depot's argument on appeal, the superior court did not re-weigh the evidence before the Appellate Division or conclude that "the Board's finding was not supported by any evidence." The court simply found that the Division was incorrect in holding that **no evidence** showed McCreary's job made her worse, because the record contains some evidence that the stress of her job made her cognitive dysfunction worse. If an award contains an "undisputed misstatement of fact . . . which we cannot say is immaterial as a matter of law, the case should be and is remanded to the [B]oard to correct its finding . . . and make an award with the correct finding taken into consideration." *Assurance Co. of America v. Shepherd*, 155 Ga. App. 36, 37 (270 SE2d 268) (1980).

Further, the trial court properly remanded the case to the Appellate Division to consider whether McCreary had pre-existing cognitive dysfunctions that were worsened by her work until they became disabling, because in its failure to do so the Appellate Division made an error of law. While Home Depot argues on appeal that failure to discuss a proposition of law does not prove failure to consider it, in this case the Division did not simply fail to address the

issue. It affirmatively misstated the applicable burden of proof. The Division held:

> From our examination of the medical record as a whole, we find significant evidence that the cognitive disabilities forming the basis of the employee's claim were in evidence well before the employee's work injury, and the employee has failed to carry her burden of showing that her work injury was the proximate cause of those disabilities.

An employee has no burden to prove that her work injury proximately caused her disability. Regardless of whether McCreary suffered a work-related head injury in 2001, if her employment aggravated a pre-existing condition to the point where she could no longer work, she is entitled to workers' compensation benefits.

> [I]f employment contributes to aggravation of a pre-existing injury, it is an accident under our compensation law, and is compensable, and it is not necessary that there be a specific job-connected incident which aggravates the previous injury. Also, aggravation of a pre-existing condition is compensable even when the pre-existing condition is not work-related and unknown to the employee at the time.

(Citation, punctuation and footnote omitted.) *Rheem Mfg. Co. v. Butts*, 292 Ga. App. 523, 525 (664 SE2d 878) (2008); see also *Mallory v. American Cas. Co.*, 114 Ga. App. 641, 643 (4) (152 SE2d 592) (1966).

Rather than make factual findings regarding these issues, the superior court properly remanded the case to the Appellate Division to consider the correct application of law to the facts. See, e.g., *Truckstops of America v. Engram*, 220 Ga. App. 289, 291 (2) (469 SE2d 425) (1996); *Mansfield Enterprises v. Warren*, 154 Ga. App. 863 (270 SE2d 72) (1980).

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010.

*Goodman, McGuffey, Lindsey & Johnson, C. Wade McGuffey, Jr., Neal B. Childers*, for appellants.
*John E. Kardos*, for appellee.