A11A0152. GEORGIA MOUNTAIN EXCAVATION, INC. et al. v. DOBBINS.

(710 SE2d 205)

BLACKWELL, Judge.

An administrative law judge awarded temporary total disability benefits to Phillip Dobbins, a former employee of Georgia Mountain Excavation, Inc., but the Appellate Division of the State Board of Workers' Compensation later reversed the award. Dobbins then sought review in the Superior Court of Fannin County, which concluded that the evidence did not support the decision of the Appellate Division and, therefore, reinstated the original award of benefits. Georgia Mountain and its workers' compensation insurer now appeal from the judgment of the superior court.[1] Because the record contains some competent evidence that supports the findings of the Appellate Division, the superior court had no authority to set aside the decision of the Appellate Division. We, therefore, reverse the judgment of the superior court.

When an administrative law judge awards or denies workers' compensation benefits, a party to the workers' compensation proceedings may seek a review of the award or denial in the Appellate Division. OCGA § 34-9-103 (a). If the Appellate Division concludes on review that the factual findings of the administrative law judge are "supported by a preponderance of competent and credible evidence

---

[1] An appeal from a decision of a superior court reviewing the proceedings of the State Board of Workers' Compensation may be taken only if this Court allows discretionary review pursuant to OCGA § 5-6-35 (a) (1). Georgia Mountain and its insurer timely filed an application for discretionary review in this case, and we granted the application.

contained within the records," the Appellate Division must accept those findings. Id. If not, the Appellate Division "may substitute its own alternative findings for those of the [administrative law judge] and enter an award accordingly." *Syntec Indus. v. Godfrey*, 269 Ga. 170, 171 (1) (496 SE2d 905) (1998) (citation and punctuation omitted). As we have explained before, "the Appellate Division is authorized to assess witness credibility, weigh conflicting evidence, and draw factual conclusions different from those reached by the [administrative law judge] who initially heard the dispute." *Home Depot v. McCreary*, 306 Ga. App. 805, 808 (2) (703 SE2d 392) (2010) (citation and punctuation omitted).

A final decision of the Appellate Division is subject to judicial review in a superior court. OCGA § 34-9-105 (b). The grounds upon which a superior court properly may overturn a decision of the Appellate Division are narrowly circumscribed, but they include, as relevant here, a lack of "sufficient competent evidence in the record" to support the decision. OCGA § 34-9-105 (c) (4). When a court considers whether sufficient competent evidence supports a decision of the Appellate Division, it must view the evidence in the light most favorable to that decision, and so long as there is "some evidence" that supports the decision, the court has no authority to overturn it. *Home Depot*, 306 Ga. App. at 808-809 (2); see also *Lowndes County Board of Commissioners v. Connell*, 305 Ga. App. 844, 844-845 (701 SE2d 227) (2010). The Appellate Division in this case found, among other things, that Dobbins failed to prove that "he suffered a disabling injury by accident arising out of and in the course of his employment." We think this finding is supported by some competent evidence.

Viewed in the light most favorable to the decision of the Appellate Division, the record shows that Georgia Mountain hired Dobbins in 2006. In February 2007, Dobbins claimed that he injured his back while removing a toolbox from a truck,[2] and he was absent from work for approximately one month following this alleged injury, during which time he received income benefits. About three months later, Dobbins claimed that he sustained another injury at work, and he received medical treatment in connection with this injury.

Dobbins claims that on November 25, 2008, he again injured his back at work. Dobbins says that this injury occurred when a co-worker slipped while he and Dobbins were attempting to pick up a hand tamp. Dobbins admits that he did not report this alleged

---

[2] The record reveals some uncertainty about the nature of the February 2007 incident. Dobbins's supervisor testified in the workers' compensation proceedings that there were "different stories" about how Dobbins had injured his back.

incident to his supervisor on November 25, and neither the co-worker whose slip allegedly caused the injury, nor another co-worker who allegedly was present at the time of the incident, testified in the workers' compensation proceedings to corroborate Dobbins's account. Although Dobbins says that he reported the incident to his supervisor the next day, Georgia Mountain's time sheet records indicate that Dobbins did not even report to work on November 26. And the supervisor denied that Dobbins told him about the alleged incident on November 26.

In fact, the supervisor testified that he did not learn of the alleged incident until nearly two weeks later. According to the supervisor, some other workers informed the supervisor on December 8 that Dobbins "was claiming he had hurt his back." When the supervisor questioned Dobbins about the alleged incident, Dobbins said that he was "fine" and could return to work. The supervisor then investigated whether the alleged incident actually had occurred and found no one who could confirm that it had, and Georgia Mountain subsequently terminated its employment of Dobbins. On December 18, Dobbins sought medical treatment for his alleged injury, and he told his physician that the injury occurred when he "slipped [while] getting off a truck at work two weeks ago and felt sudden pain in his back."

In its written decision, the Appellate Division weighed the evidence — including the conflicting testimony about whether Dobbins reported the injury to his supervisor on November 26 and his own inconsistent accounts of how the injury occurred — and determined that the finding by the administrative law judge that Dobbins had suffered a compensable injury was not supported by a preponderance of competent and credible evidence in the record. The Appellate Division, accordingly, made its own findings of fact, and it found that Dobbins, in fact, had not proven that he had suffered a compensable injury. Although the superior court and this Court might draw different conclusions from the evidence, it is not our place to do so. We are required to defer to the factual findings of the Appellate Division so long as they are supported by some competent evidence. See *Home Depot*, 306 Ga. App. at 808-809 (2).

It appears to us that the superior court in this case simply weighed the evidence itself and ultimately disagreed with the factual findings of the Appellate Division. Because courts reviewing a decision of the Appellate Division are not authorized to weigh the evidence in the first instance or substitute their own findings of fact for those of the Appellate Division, the superior court had no authority to interfere with the decision of the Appellate Division. We must, therefore, reverse the judgment below. See *Young v. Columbus Consolidated Govt.*, 263 Ga. 172 (1) (430 SE2d 7) (1993).

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 6, 2011.

*Drew, Eckl & Farnham, Gary R. Hurst, Robert D. Goldsmith, Anne M. du Toit*, for appellants.
*J. Wesley Williams*, for appellee.