**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2019**

# In the Court of Appeals of Georgia

A19A0250. SAVANNAH HOSPITALITY SERVICES, LLC. v.
    SCRIVEN et al.

MARKLE, Judge.

James Scriven was injured in an automobile accident in 2013. He subsequently

filed suit against one of his employers, Savannah Hospitality Services, LLC ("SHS"),[1]

alleging that SHS was negligent when it denied him access to medical care and

insurance coverage, and that the resulting delay in care exacerbated his injuries. SHS

---

[1] Scriven also named his other employer, Southeastern Airport Services ("SAS"), along with the driver and owner of the other vehicle, as defendants. The sole issue on appeal is the denial of SHS's motion to dismiss the negligence claim. Thus, the claims against the other defendants are not before us and remain pending in the trial court. Additionally, Scriven initially lodged a claim for uninsured/underinsured motorist coverage against SHS, but later conceded that SAS was the proper defendant for that claim. The trial court granted SHS's motion to dismiss the uninsured/underinsured motorist claim. The trial court also dismissed Scriven's claim that SHS withheld Workers' Compensation benefits. Neither of these rulings is being challenged on appeal.

moved to dismiss or, in the alternative, for summary judgment on the ground that the Workers' Compensation Act was the exclusive remedy. Without addressing the exclusive remedy argument, the trial court denied SHS's motion to dismiss. We granted interlocutory review, and for the reasons that follow, we reverse.

"On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss." (Citation omitted.) *Kerr v. OB/GYN Assoc. of Savannah*, 314 Ga. App. 40, 41 (723 SE2d 302) (2012).

So viewed, the record shows that in August 2016, Scriven and his wife filed a complaint against SHS, Southeastern Airport Services, Inc. ("SAS"), Richard Bennett, and Carol Cherry, alleging that he was employed by both SHS and SAS as a maintenance worker and airport shuttle driver.[2] In 2013, he suffered injuries in a car accident when he was struck by another vehicle that Cherry owned and Bennett was driving. At the time of the accident, Scriven was driving a vehicle owned by SAS. In addition to claims against Bennett, Cherry, and SAS that are not relevant to this appeal, Scriven also alleged that SHS was negligent in failing to provide him with

---

[2] Scriven's wife, Deborah, brought a derivative claim for loss of consortium. This Court has held that the exclusive remedy provision applies to loss of consortium claims. See *Ponder v. Southern Tea Co.*, 170 Ga. App. 819 (318 SE2d 242) (1984).

access to medical insurance coverage after the accident, and that this failure exacerbated his injuries and led to his suffering multiple strokes.

SHS answered the complaint, admitting that Scriven worked for SHS and SAS, and moved to dismiss the claims against it because the Workers' Compensation Act was the exclusive remedy. Attached to the motion to dismiss was a copy of a previous lawsuit Scriven had filed in 2015 against Bennett, Cherry, SAS, SHS, and Southeastern Hospitality Services, Inc., in which Scriven alleged that he had been injured while in the course of his employment.[3] Also attached to the motion were responses to interrogatories in the initial suit, in which Scriven and his wife stated that, at the time of the accident, Scriven was headed back to work after picking up parts at the parts store.

The trial court denied SHS's motion with regard to the negligence claim, but allowed the claim that SHS prevented Scriven from obtaining healthcare benefits to proceed. The trial court did not address SHS's argument that Workers' Compensation was the exclusive remedy, and it refused to consider the documents submitted with

---

[3] The prior suit was dismissed without prejudice.

3

the motion. SHS obtained a certificate of immediate review, and we granted the application for interlocutory appeal. This is SHS's appeal.

In its sole enumeration of error, SHS argues that the trial court erred in denying its motion to dismiss because Workers' Compensation is the exclusive remedy and bars Scriven's civil action against it, including any claim that SHS's conduct exacerbated Scriven's injuries. It contends that Scriven admitted in his prior lawsuit that the auto accident occurred in the scope of his employment, and the trial court was authorized to consider this admission. We agree that Scriven's claims are barred by the Act's exclusivity provision.

The Georgia Workers' Compensation Act (the "Act") is designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages. See *DeKalb Collision Center, Inc. v. Foster*, 254 Ga. App. 477, 482 (1) (562 SE2d 740) (2002). "The Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose." (Citation omitted.) *City of Waycross v. Holmes*, 272 Ga. 488, 489 (532 SE2d 90) (2000); see also OCGA § 34-9-23.

Importantly, the Act contains an exclusive remedy provision, which reads in relevant part:

4

> The rights and the remedies granted to an employee by this chapter shall exclude . . . all other rights and remedies of such employee [or] his or her personal representative . . . and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death . . . . No employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer. . . .

OCGA § 34-9-11 (a). Thus, "where the Act applies, it provides the employee's exclusive remedy against his employer and precludes recovery on a tort claim by an injured employee against his employer." (Citations and punctuation omitted.) *Teasley v. Freeman*, 305 Ga. App. 1, 2 (1) (699 SE2d 39) (2010); see also *Ga. Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822, 822-823 (1) (411 SE2d 871) (1992) (exclusive remedy provision precludes suit against employer as third-party defendant, "even when the employer's negligence contributes to the employee's injuries.").

> It has been held repeatedly that OCGA § 34-9-11 grants the injured employee's employer statutory immunity from suit by the employee to recover damages other than workers' compensation benefits, and it has also been made clear that this statutory immunity from suit includes the statutory employer regardless whether that statutory employer had actually paid the workers' compensation benefits.

(Citations, punctuation, and emphasis omitted.) *Saxon v. Starr Indem. & Liability Co.*, 339 Ga. App. 495, 497 (1) (793 SE2d 659) (2016). Whether the exclusivity provision bars an action is a question of law subject to de novo review. *Boulware v. Quicktrip Corp.*, 226 Ga. App. 399 (486 SE2d 662) (1997).

For a cause of action to be covered by the exclusivity provision, and for an injury to be compensable under the Workers' Compensation Act, the employee's injury must (a) occur in the course of the employment, and (b) arise out of the employment. OCGA § 34-9-1 (4). See also *Chaparral Boats, Inc. v. Heath*, 269 Ga. App. 339, 340 (1) (606 SE2d 567) (2004). Under OCGA § 34-9-1 (4), the term "injury" includes "the aggravation of a preexisting condition by accident arising out of and in the course of employment." See also *Doss v. Food Lion, Inc.*, 267 Ga. 312 (477 SE2d 577) (1996).

> The words "in the course of the employment" relate to the time, place, and circumstances under which the accident takes place, and an accident arises in the course of the employment when it occurs within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto. The words "arising out of the employment" refer to the causal connection between the employment and the injury.

(Citations omitted.) *Ray Bell Constr. Co. v. King.*, 281 Ga. 853, 854-855 (642 SE2d 841) (2007). "Whether an injury arises out of and in the course of employment is generally a mixed question of law and fact. But where the material facts are not in dispute, that issue may be determined as a matter of law." (Citations and punctuation omitted.) *Rheem Mfg. Co. v. Butts*, 292 Ga. App. 523, 525 (664 SE2d 878) (2008).

Here, the parties dispute whether Scriven was acting in the scope of his employment at the time he was injured in the auto accident. But the relevant inquiry for purposes of our analysis does not concern the injuries sustained in the auto accident; instead, the relevant event is the aggravation of those injuries by the employer's alleged negligence in "fail[ing] to provide access to medical insurance coverage when requested," and "precluding [Scriven] from seeking a professional medical opinion."[4] As we have explained, "[a]ggravation by continued work of a

---

[4] Even if we were to focus on the auto accident, we would nevertheless conclude that the injury arose from and occurred in the course of Scriven's employment such that the instant action was barred under the Act. We have held that the application of the exclusivity bar is akin to an issue of the trial court's subject matter jurisdiction. See *Kellogg Co. v. Pinkston*, 253 Ga. App. 190 (1) (558 SE2d 423) (2001) (state court erred in denying motion to set aside default judgment in tort case because Workers' Compensation was exclusive remedy; therefore, state court lacked subject matter jurisdiction). Although SHS moved to dismiss under OCGA § 9-11-12 (b) (6) and not § 9-11-12 (b) (1), the nomenclature does not control. See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997). Moreover, a court is always permitted to inquire into its jurisdiction. *Harris v. State*, 278 Ga.

7

previous injury is a 'new accident.'" *Home Indem. Co. v. Brown*, 141 Ga. App. 563, 566 (2) (234 SE2d 97) (1977). "And the negligence of delaying medical treatment thereby exacerbating a prior compensable injury is a form of accident that is covered by the Act." *Rheem Mfg. Co.*, 292 Ga. App. at 525. "[I]f employment contributes to aggravation of a pre-existing injury, it is an accident under our compensation law, and is compensable[,] and it is not necessary that there be a specific job-connected incident which aggravates the previous injury."(Citation and punctuation omitted.) Id. Additionally, "aggravation of a pre-existing condition is compensable even when the pre-existing condition is not work-related and unknown to the employee at the time." Id.; see also *Potts v. UAP-GA. AG. CHEM. Inc.*, 270 Ga. 14, 15-16 (506 SE2d 101) (1998) (considering whether employer's fraudulent statement that resulted in a

---

805, 806 (1) (606 SE2d 248) (2004). And, in considering whether the trial court had jurisdiction, neither the trial court nor this Court is limited to the facts as set forth in the pleadings. "[A] motion contesting the court's jurisdiction to consider the subject matter is not converted to a motion for summary judgment by the trial court's consideration of matters outside the pleadings." *Pettus v. Drs. Paylay, Frank & Brown, P.C.*, 193 Ga. App. 335 (387 SE2d 613) (1989). Thus, we can consider Scriven's statements in the prior law suit to determine whether the auto accident occurred in the scope of Scriven's employment. The evidence and pleadings in the prior law suit establish that the accident occurred in the course of and arose out of Scriven's employment. *Ray Bell Constr. Co.*, 281 Ga. at 854-855. At the time of the accident, Scriven was running a work-related errand in a vehicle owned by his employer. Therefore, even if the relevant event was the auto accident, we would conclude that the exclusivity bar applies.

delay in medical treatment occurred in the scope of employment); *U. S. Asbestos v. Hammock*, 140 Ga. App. 378, 378-379 (1) (231 SE2d 792) (1976) (for purposes of workers' compensation claim, date of accident was date on which employee became unable to work due to aggravation of pre-existing condition).

Considering the "time, place, and circumstances," we conclude that the injury occurred in the course of Scriven's employment. *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993) (company nurse prescribed medication without authorization from treating physician and returned employee to work, leading to exacerbation of injury that arose out of and in the scope of employment); *Ray Bell Constr. Co.*, 281 Ga. at 854-855. Moreover, the injury arose out of the employment, as there was a causal connection between Scriven's job and exacerbation of the injury due to SHS's alleged denial of access to care. *Wall*, 210 Ga. App. at 491.

Because there was undisputed evidence to show that the injury arose out of and in the course of Scriven's employment, the Act applied, and Scriven's claims against

SHS were barred.[5] As a result, the trial court erred in denying SHS's motion to dismiss. We therefore reverse.

*Judgment reversed. Doyle, P. J., and Coomer, J., concur*.

---

[5] We note that there are exceptions to the bar where an employer's intentional tort caused the injury. See *Potts*, 270 Ga. at 16. Here, however, Scriven did not allege an intentional tort, claiming instead that SHS acted negligently in denying him access to medical care.