43500. ASSOCIATED PETROLEUM CARRIERS, INC. et al. v. PAN AMERICAN FIRE & CASUALTY COMPANY et al.

ARGUED MARCH 5, 1968—DECIDED APRIL 8, 1968— REHEARING DENIED APRIL 30, 1968.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, Wright Willingham,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, Gross, Stowe & Shepherd, Winston Owen, Telford, Wayne & Stewart,* for appellees.

HALL, Judge. While the briefs of both insurers go to great lengths in arguing the question as to whose negligence was the proximate cause of the losses, this issue is not ripe for adjudication. Declaratory judgments as to different insurers "should deal only with questions of policy coverage . . . and not the liability of the insured to the injured party. Nor should a declaratory judgment be permitted where it will not dispose of the controversy, but only result in beclouding it." 20 Appleman, Insurance Law and Practice, 121, § 11335.

The question is who should defend these lawsuits against Shockley. He has made a demand upon both insurers to defend suits in his behalf. The answer depends upon whether the claims by the third parties against the insured are within the coverage of these policies. Under the insuring agreement quoted above, an insurer is obligated to defend a suit against its insured when the complaint alleges facts within the coverage of the policy (regardless of whether the facts alleged in the complaint are true or false) and also when the true facts relevant to the claim, that are known or ascertainable by the insurer, are within the coverage of the policy. See *State Farm Mut. &c. Ins. Co. v. Keene,* 111 Ga. App. 480 (142 SE2d 90) ; *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287 (127 SE2d 53). The record before this court does not reveal allegations or evidence that the suits against the insured, Shockley, alleged facts showing Shockley's liability within the coverage of either or both policies. The record does not set forth the claims against Shockley—whether the claimants contended that negligence in the unloading of the tank truck, or negligence in the operation of the premises, or negligence of both kinds, was the cause of the damages. It merely presents a dispute between the insurers as to what negligence caused the damages the claimants are suing for. The establish-

ment of the allegations of the claims against the insured is necessary to a determination of the issue presented by the petition for declaratory judgment—what are Shockley's rights against either or both insurers to a defense of the claims against him? Since evidence on this issue does not appear in the record, and the factual issue of what negligence, if any, caused damage to the claimants against Shockley must await determination at the trial of the claims against the insured, an adjudication in regard to the coverage of the claims by the insurance policies would be sheer speculation.

Furthermore, "where the only question at issue is whether the plaintiff is a primary insurer or only liable as an excess carrier, the petition shows no cause of action because it does not show that its action in the premises would jeopardize any of its rights. *Phoenix Assur. Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530 [114 SE2d 389]. Whether it be a primary or excess carrier, its obligation to defend its insured is the same. *National Surety Corp. v. Dunaway,* 100 Ga. App. 842 (112 SE2d 331)." *U. S. Fidel. &c. Co. v. Watson,* 106 Ga. App. 748, 751 (128 SE2d 515).

The trial court erred in granting the plaintiff's motion for summary judgment and in its declarations as to coverage by the insurance policies of the claims against Shockley.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*