A01A1789. KELLOGG COMPANY et al. v. PINKSTON et al.
(558 SE2d 423)

ELDRIDGE, Judge.

On December 20, 1999, appellees-plaintiffs Rosemary and Robert Pinkston filed a complaint in the State Court of Fulton County against appellants-defendants the Kellogg Company d/b/a Mrs. Smith's Frozen Foods, a Michigan corporation, and the Eggo Company d/b/a Mrs. Smith's Frozen Foods, a Delaware corporation (Kellogg-Eggo), seeking damages for injuries Ms. Pinkston allegedly sustained as a result of her exposure to asbestos dust in the workplace coming from asbestos ceiling tiles and derivatively for Mr. Pinkston's loss of consortium. On or about the same date, the plaintiffs filed a claim for workers' compensation benefits upon such grounds. On May 3, 2000, the Pinkstons obtained a default judgment as to liability upon Kellogg-Eggo's failure to answer their complaint. In September 2000, a magistrate judge sitting as a state court gave final judgment ex parte to the Pinkstons after a bench trial. The state court magistrate awarded the Pinkstons compensatory and punitive damages totaling $4,400,000.[1] This appeal followed the state court magistrate's denial of Kellogg-Eggo's motion to set aside default judgment and to open default. Because the state court magistrate erroneously gave final judgment[2] to plaintiffs lacking subject matter jurisdiction,

---

[1] Ms. Pinkston was awarded $2,600,000 and $1,500,000 as compensatory and punitive damages, respectively. Mr. Pinkston was awarded $300,000 as damages for loss of consortium.

[2] A judgment is final if " 'it disposes of the entire controversy, leaving nothing for the trial court to do in the case.' " *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000).

we must vacate and remand with direction that the instant action be dismissed. *Held*:

1. Kellogg-Eggo claims that the state court magistrate erred in denying its motion to set aside judgment and refusing to dismiss the Pinkstons' damages complaint for lack of subject matter jurisdiction, the complaint as pleading a cause of action exclusively within the Workers' Compensation Act, OCGA § 34-9-1 et seq. We agree.

The rights and remedies of an employee against his or her employer for a work-related injury under the Workers' Compensation Act foreclose all other remedies at common law or otherwise for such injury, lost service, or death. *Betts v. MedCross Imaging Center*, 246 Ga. App. 873, 874 (1) (542 SE2d 611) (2000). When an employee's injuries are compensable under the Act, the employee is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from intentional misconduct on the part of the employer. *Southwire Co. v. Benefield*, 184 Ga. App. 418, 419 (361 SE2d 525) (1987).[3] And most pertinent under the circumstances of this case,

[t]o the extent [an] appellant seeks redress for current or future physical injury by accident due to occupational disease or otherwise (caused by ingestion of or exposure to asbestos fibers) and arising out of . . . his employment, it is barred by the exclusivity provisions of the Workers' Compensation Act. Likewise barred are those claims grounded on an intentional tort, which . . . *essentially* seek redress based on current or future physical injury arising from the alleged ingestion of or exposure to asbestos [in] the [workplace]. [Cits.]

(Emphasis in original.) *Johnson v. Hames Contracting*, 208 Ga. App. 664, 667 (4) (a) (431 SE2d 455) (1993).

On its face, the Pinkstons' unamended complaint for damages pleads causes of action for work-related injury preempted by the Workers' Compensation Act.[4] *Betts v. MedCross Imaging*, supra; *Southwire Co. v. Benefield*, supra. The Pinkstons' complaint fails to plead any of the exclusivity exceptions to the Act.[5] Neither does the complaint plead

---

[3] Not barred by *Southwire Co.* is an employee's tort action "for a *non*-compensable injury allegedly resulting from the employer's or co-employee's intentional misconduct." (Emphasis in original.) *Potts v. UAP-GA. AG. Chem.*, 270 Ga. 14, 16 (506 SE2d 101) (1998).

[4] The Pinkstons' complaint for damages avers that Kellogg-Eggo fraudulently and intentionally failed to inform Ms. Pinkston that she would be exposed to asbestos during the removal of such in the course of her employment causing her injuries.

[5] An employee may maintain a cause of action outside the Workers' Compensation Act in three circumstances: (1) when the injury is a disease not naturally growing out of injuries

facts from which the applicability of any of the exceptions might be inferred. In light of the foregoing, the state court magistrate was under a duty to dismiss the Pinkstons' complaint for lack of subject matter jurisdiction. See OCGA § 9-11-12 (h) (3) ("Whenever it appears, by [the] suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); see also *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (279 SE2d 244) (1981) ("Jurisdiction either exists or does not exist without regard to the merit of the case.").

In this case, Ms. Pinkston was exposed to asbestos fibers during her employment, which terminated in late 1988. She developed asbestosis, an industrial disease, after she left employment and, assuming[6] that she timely filed her workers' compensation claim on November 19, 1999, was diagnosed within the preceding year. See OCGA § 34-9-281 (b) (2) ("[A]n employee with asbestosis or mesothelioma related to exposure to asbestos shall have one year from the date of first disablement after diagnosis of such disease to file a claim for disablement."). Nonetheless, workers' compensation as the exclusive remedy for work-related injury still bars recovery. *Johnson v. Hames Contracting*, supra.

Even were there subject matter jurisdiction (and we hold the contrary), the state court magistrate issued final judgment ex parte for the Pinkstons, finding that Kellogg-Eggo engaged in wilful misconduct and intentional torts which "did not arise in and out of the course of [Ms.] Pinkston's employment and at a time when [she] was not engaged in any work activity." There is no evidence in the record to this effect inasmuch as the Pinkstons did not have the bench trial on damages taken down. Because the Pinkstons' unamended complaint for damages was based on injury arising out of Ms. Pinkston's employment and the state court magistrate found injury unrelated to Ms. Pinkston's employment (presumably upon evidence to that effect), see *Mullins v. Columbia County*, 202 Ga. App. 148 (413 SE2d 489) (1991) (presumption of regularity requires that we assume trial court's findings to be supported by sufficient competent evidence absent evidence to the contrary), it follows that the Pinkstons asserted new causes of action against Kellogg-Eggo at the state court

---

arising out of and in the course of employment; (2) the injury is caused by the wilful act of a third person directed against such employee for reasons personal to him; or (3) the injury results from wilful misconduct on the part of the employer. See OCGA § 34-9-1 (4); see also *Jim Walter Homes v. Roberts*, 196 Ga. App. 618 (396 SE2d 787) (1990) (former employee entitled to sue employer for conspiring with insurance company to deny the employee proper medical treatment).

[6] The record on appeal is silent as to the date Ms. Pinkston was diagnosed as suffering from asbestosis, her workers' compensation claim of record showing only that the date of her first disablement was "to be provided."

magistrate bench trial on damages. No evidence of record shows that the Pinkstons noticed Kellogg-Eggo as to these additional claims. In the absence of such notice, the state court magistrate lacked subject matter jurisdiction below for the additional reason that a plaintiff seeking to raise new causes of action or new claims is required to serve a defendant in default with written notice before such claims may be adjudicated. See *Stroud v. Elias*, 247 Ga. 191, 192-193 (275 SE2d 46) (1981); *Lambert v. Gilmer*, 228 Ga. 774, 775-776 (187 SE2d 855) (1972); *Jayson v. Gardocki*, 221 Ga. App. 455, 456-457 (1) (471 SE2d 545) (1996); see also OCGA §§ 9-11-5 (a) ("[T]he failure of a party to file pleadings in an action shall be deemed to be a waiver . . . of all notices, . . . except service of pleadings asserting new or additional claims for relief, which shall be served as provided by subsection (b) of this Code section."); 9-11-54 (c) (1) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."). Inasmuch as the state court magistrate thus granted the Pinkstons final judgment lacking subject matter jurisdiction, we vacate such judgment and remand to the state court magistrate with direction that the Pinkstons' complaint for damages be dismissed.

2. In light of our disposition of Division 1, we need not address Kellogg-Eggo's remaining claims of error.

*Judgment vacated and remanded with direction. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 11, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 — ▮▮▮▮▮▮

*Paul, Hastings, Janofsky & Walker, William B. Hill, Jr., Nicole L. Day*, for appellants.
*Joseph A. Maniscalco, Jr., David A. Anton, Ralph S. Goldberg*, for appellees.