A06A2454. ROYAL INDEMNITY COMPANY et al. v. GEORGIA INSURERS INSOLVENCY POOL.

(644 SE2d 279)

SMITH, Presiding Judge.

In this declaratory judgment action, workers' compensation insurer Royal Indemnity Company ("Royal") and employer AIT-Atlanta, Inc. ("AIT") appeal from the superior court's ruling on summary judgment that: (1) Royal is obligated under its policy to provide workers' compensation benefits to an AIT employee after another carrier became insolvent; and (2) Royal is obligated to repay the Georgia Insurers Insolvency Pool ("the Pool") $73,359.85 for benefits the Pool paid in error. Because we find the trial court lacked subject matter jurisdiction, we vacate the trial court's order and remand this case to the trial court with direction to dismiss the Pool's petition without prejudice.

The record shows that on November 30, 1990, David Bullen was injured while working as a temporary employee at an Hitachi Chemical Plant.[1] Bullen's direct employer was Synesys Temporaries, Inc., and Home Insurance Company provided workers' compensation coverage to Synesys. Royal provided workers' compensation insurance to Hitachi.

On December 26, 1990, Bullen filed a formal claim for workers' compensation with the State Board of Workers' Compensation ("the Board") and listed Synesys and Hitachi as his employers. Synesys began making voluntary weekly payments to Bullen on December 1, 1990. Hitachi filed a notice to controvert on February 6, 1991. It is undisputed that the Board never held a hearing on Hitachi's liability for workers' compensation benefits. In June 2003, Synesys's workers' compensation carrier, Home Insurance Company, became insolvent and the Pool began making payments to Bullen pursuant to former OCGA § 33-36-9.[2]

Two years later, the Pool filed a petition for declaratory judgment against Bullen, Royal, and AIT asking the superior court to declare that: (1) the Pool is statutorily barred from making further payments to Bullen until Bullen's rights under the Royal policy are exhausted; (2) that the policy issued by Royal is primary; and (3) that the Pool is entitled to reimbursement from Royal for all amounts it has paid to Bullen. In support of its petition, the Pool relied upon former OCGA § 33-36-14, which provided in pertinent part:

Exhaustion of rights by claimants against insolvent insurers prior to recovery; recovery of payment to claimants in excess of amounts authorized

(a) Any person, including any individual, partnership, association, or corporation, having a claim against a policy or an insured under a policy issued by an insolvent insurer, which claim is a covered claim and is also a claim within the coverage of any policy issued by a solvent insurer, shall be required to exhaust first his rights under such policy issued by the solvent insurer. The policy of the solvent insurer shall be treated as primary coverage and the policy of the insolvent insurer shall be treated as secondary coverage and his

---

[1] Hitachi is AIT's predecessor in interest.

[2] Because Home became insolvent before the effective date of the 2005 amendments to Chapter 36, they do not apply. Ga. L. 2005, p. 563, § 24.

rights to recover such claim under this chapter shall be reduced by any amounts received from the solvent insurers.

(b) Any amount paid a claimant in excess of the amount authorized by this chapter may be recovered by an action brought by or on behalf of the pool.

AIT and Royal answered the petition[3] and filed a motion for summary judgment. They argued that the Pool could not recover from Royal because Bullen's claim against Hitachi was now time-barred and that the Pool had no right to controvert Bullen's claim when it stepped into the shoes of the insolvent Home.[4] The Pool filed a cross-motion for summary judgment. The trial court granted the Pool's motion and issued a declaration finding that: (1) "the workers' compensation policy issued by Royal to Hitachi provides coverage for David R. Bullen's workers' compensation claims"; (2) the Pool "is relieved from making further workers' compensation benefits to Mr. Bullen until such time as Mr. Bullen's rights under the Royal policy have been exhausted"; and (3) ordering Royal to reimburse the Pool the $73,359.85 paid by the Pool to Bullen since Home's insolvency. On appeal, Royal and AIT assert that Royal is not obligated to pay workers' compensation benefits to Bullen because (1) any workers' compensation claim by Bullen against Hitachi is now untimely, and (2) it is too late for the Pool to controvert its liability to pay workers' compensation benefits.

We need not address these arguments because the trial court did not have subject matter jurisdiction to order the payment of workers' compensation benefits. "The State Board of Work[er]s' Compensation has exclusive original jurisdiction of claims under the Work[er]s' Compensation Law. [Cit.]" *Churchwell Bros. Constr. Co. v. Archie R. Briggs Constr. Co.*, 89 Ga. App. 550, 554 (2) (80 SE2d 212) (1954). "Although this jurisdictional defect was not raised below, subject matter jurisdiction cannot be waived." *Blue Cross &c. v. Deal*, 244 Ga. App. 700, 707 (3) (536 SE2d 590) (2000) (full concurrence in Division 3). Likewise, the parties cannot confer subject matter jurisdiction upon a court by consent. Id.

The statute relied upon by the Pool and the trial court to find that Royal must now take the place of the insolvent insurer (instead of the Pool) turns on whether Bullen's claim is "within the coverage" of

---

[3] Bullen did not answer the petition and is not a party to this appeal.

[4] See *TIG Specialty Ins. Co. v. Brown*, 283 Ga. App. 445 (641 SE2d 684) (2007) (addressing right of insurance carriers to dispute coverage after expiration of 60-day statute of limitation contained in OCGA § 34-9-221 (h)).

Royal's policy. OCGA § 33-36-14 (a). Resolution of the issues raised in the Pool's petition is therefore dependent upon a determination by the Board of the amount, if any, Bullen is entitled to recover from Royal in the pending, unresolved claim for workers' compensation he filed against Hitachi. See *Churchwell*, supra, 89 Ga. App. at 552, 555 (applying predecessor of OCGA § 34-9-8 to impose secondary liability after insolvency of immediate employer).

Because Hitachi filed a notice to controvert and the Board never held a hearing or issued any findings with regard to Hitachi's liability for the claim, the trial court did not have the information necessary to determine the applicability of OCGA § 33-36-14 (a) to the Pool's claim against Royal. See *Associated Petroleum Carriers v. Pan American Fire & Cas. Co.*, 117 Ga. App. 714, 716 (161 SE2d 411) (1968) ("[d]eclaratory judgments as to different insurers should deal only with questions of policy coverage and not the liability of the insured to the injured party") (citation and punctuation omitted). As a result, the trial court's order granting summary judgment to the Pool is vacated and the case is remanded with direction to dismiss the petition without prejudice. See *Kempton v. Richards*, 233 Ga. App. 238, 239 (503 SE2d 876) (1998) (vacating judgment of trial court that lacked subject matter jurisdiction).

In so holding, we note that this court has found "that the Board has ancillary authority to resolve policy coverage issues when determining an employee's compensation rights. . . ." *Builders Ins. Group v. Ker-Wil Enterprises*, 274 Ga. App. 522, 524 (2) (618 SE2d 160) (2005). Providing such "power to resolve these ancillary coverage issues with the Board and its administrative law judges protects the interests of the insurer, the employer, and the employee and furthers the goal of providing complete relief within the workers' compensation forum." Id. at 525 (2).

*Judgment vacated and case remanded with direction. Ruffin and Phipps, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

In its motion for reconsideration, the Pool contends that the trial court had subject matter jurisdiction because Hitachi successfully asserted a statutory employer defense in a tort action brought by Bullen in federal court. Therefore, according to the Pool, it has already been established that Hitachi and its insurance carrier are liable to Bullen for workers' compensation benefits. We find no merit in this contention.

First, Hitachi's actual liability for workers' compensation benefits was not established in the federal lawsuit; statutory employers are immune from suit for tort claims based on their *potential* liability

for workers' compensation benefits. See *Warden v. Hoar Constr. Co.*, 269 Ga. 715, 716 (1) (507 SE2d 428) (1998). This "[i]mmunity applies even if the general contractor never actually paid any workers' compensation benefits to the employee." (Citation and footnote omitted.) *Bossard v. Atlanta Neighborhood Dev. Partnership*, 254 Ga. App. 799, 805 (5) (564 SE2d 31) (2002). Second, even if we assume, arguendo, that there was some merit to the Pool's claim, the Board has exclusive jurisdiction to determine the effect of any alleged admissions by Hitachi in the pending, unresolved workers' compensation case filed by Bullen against Hitachi and Royal.

*Motion for reconsideration denied.*

DECIDED FEBRUARY 23, 2007 —
RECONSIDERATION DENIED APRIL 5, 2007 — 

*Fields, Howell, Athans & McLaughlin, Michael J. Athans, Stacey S. Farrell, Matthew A. Barrett*, for appellants.

*Gorby, Reeves & Peters, Michael J. Gorby, James W. Standard, Jr.*, for appellee.