**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 31, 2022**

# In the Court of Appeals of Georgia

A22A0796. T & R SOUTH SANITATION et al. v. LOWE.

DOYLE, Presiding Judge.

In this discretionary appeal, T & R South Sanitation appeals the trial court's denial of its motion to set aside a default judgment under OCGA § 9-11-60 (d) for insufficient service of process, arguing that the trial court abused its discretion by finding that plaintiff Artavious Lowe accomplished valid service and that the trial court lacked subject matter jurisdiction because Lowe's claims are barred by the exclusive remedy provision of the Workers' Compensation Act.[1] For the reasons that follow, we remand the case for the trial court to consider T & R's workers' compensation argument.

---

[1] See OCGA § 34-9-11 (a).

The record shows that Lowe filed a complaint against T & R,[2] alleging that he was "an employee passenger on the back of a garbage truck" operated by a driver who was "an employee or agent of T & R." According to the complaint, the driver negligently navigated a curve at high speed, and Lowe was unable to properly remain on the truck and was dragged, resulting in serious injuries.

On July 1, 2020, Lowe filed an affidavit of service completed by process server Ronald Smith, indicating that Lowe had served T & R customer service representative Jayne Kirk on June 26 at the address for T & R's registered agent. The affidavit gave Kirk's age and physical description and included a comment that while Smith was there, Kirk called the owner of T & R, who authorized her to accept service.

T & R did not file an answer, and in October 2020, Lowe moved for a default judgment. The trial court scheduled a hearing for December 2020; T & R did not appear at the hearing. On December 23, 2020, following the hearing, the trial court entered a money judgment in favor of Lowe, awarding him $46,498.58 in special damages and $500,000 in general damages. On June 17, 2021, T & R moved to set

_____

[2] The complaint also listed "Jane Doe, John Doe, XYZ Corp, ABC Corp" as defendants.

aside the default judgment under OCGA § 9-11-60 (d), claiming it was never properly served with Lowe's summons and complaint.

Following a hearing, the trial court denied the motion to set aside, ruling that T & R had been properly served through its registered agent, who authorized Kirk to accept service on his behalf. T & R filed a discretionary application, which this Court granted, and this appeal followed.

1. T & R argues that the trial court lacked subject matter jurisdiction over the case because it fell within the exclusive jurisdiction of the Workers' Compensation Act.

"The rights and remedies of an employee against his or her employer for a work-related injury under the Workers' Compensation Act foreclose all other remedies at common law or otherwise for such injury, lost service, or death."[3] Thus, if Lowe's claims fell within the scope of the Act, then the trial court lacked subject-matter jurisdiction to adjudicate them.[4]

---

[3] *Kellogg Co. v. Pinkston*, 253 Ga. App. 190, 191 (1) (558 SE2d 423) (2001).

[4] See *Savannah Hospitality Svcs. v. Scriven*, 350 Ga. App. 195, 199 n.4 (828 SE2d 423) (2019); *Kellogg Co.*, 253 Ga. App. at 191 (1).

3

Although T & R did not raise this challenge in the trial court, "[t]he court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal."[5] Because Lowe's complaint pleads causes of action for a work-related injury, we remand to the trial court to consider whether his claims against T & R are precluded by the exclusive remedy provision of the Workers' Compensation Act.[6]

2. In light of our remand in Division 1, we decline to address T & R's enumeration regarding insufficiency of service. This opinion, however, shall not operate to preclude any future appeal of that issue.

*Appeal remanded with direction. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[5] *Dept. of Transp. v. Kovalcik*, 328 Ga. App. 185, 190 (1) (b) (761 SE2d 584) (2014).

[6] At the hearing on the motion to set aside the default judgment, the trial court asked whether Lowe was an employee and whether he had availed himself of workers' compensation benefits. Lowe's attorney responded that Lowe "was a contract employee," and Lowe testified that his boss "said [he] was a contractor all of a sudden" and that he was paid daily. Lowe also testified that although his boss took him to his employer's doctor following the accident, he did not receive any workers' compensation benefits. Lowe's attorney explained that "[t]here is inadequate insurance[,] best that we were able to tell." Despite inquiring into whether Lowe received workers' compensation benefits, the trial court did not rule on whether it was his exclusive remedy.