**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules**

**June 15, 2026**

# In the Court of Appeals of Georgia

A26A0470. CROOK et al. v. SIX FLAGS OVER GEORGIA II, L.P. et al.

GOBEIL, Judge.

Lokin Crook, individually and as surviving spouse of Andrea Crook ("Crook"), and in his capacity as administrator of the estate of Andrea Crook ("Plaintiff"), appeals from the trial court's dismissal of his negligence/wrongful death action against several defendants for lack of subject matter jurisdiction.[1] On appeal, Plaintiff contends in pertinent part that the court erred in dismissing the suit on the ground that Plaintiff's claims are barred by the exclusive remedy provision of the Georgia Workers' Compensation Act, OCGA § 34–9–11(a) (the "Act" or "WCA"), and in treating the exclusivity bar as a question of subject matter jurisdiction, thereby putting

---

[1] We have circulated this decision amongst all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required numbers of judges, however, voted in favor of considering this case en banc.

the burden on Plaintiff to disprove the bar.[2] For the reasons that follow, we reverse the trial court's orders and remand for further proceedings not inconsistent with this opinion.[3]

A motion brought under OCGA § 9-11-12(b)(1) "asserts the defense of lack of jurisdiction over the subject matter." *Douglas County v. Hamilton State Bank*, 340 Ga. App. 801, 801 (798 SE2d 509) (2017) (punctuation omitted). When a defendant brings an OCGA § 9-11-12(b)(1) motion, the plaintiff bears the burden of establishing that jurisdiction exists. Id. A motion to dismiss for lack of subject-matter jurisdiction can "allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint or a factual challenge, which requires consideration of evidence beyond the face of the complaint." Id. (punctuation omitted). We review de novo a trial court's grant of a motion to dismiss due to lack of subject-matter jurisdiction. See id. at 801–02. We also "construe the pleadings in the light most

---

[2] In *Simmons v. Solo Cup Operating Corp.*, the plaintiff argued that the trial court erred in concluding that the WCA's exclusivity bar was a question of subject-matter jurisdiction, and also erred in holding that the plaintiff bore the burden of proving the WCA did not apply. 373 Ga. App. 69, 70-72(1)-(2) (907 SE2d 377) (2024). We concluded that the issue was not properly before us because it was not raised in the trial court. Id. at 71-72 (1)-(2). As a result, this Court opted to "leave for another day the resolution of this interesting — but unpreserved — claim of error." Id. at 71(1). That issue is now before us.

[3] Oral argument was held on April 16, 2026, and is archived on the Court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A26A0470 (Apr. 16, 2026), available at https://vimeo.com/1185509224.

favorable to the nonmoving party with any doubts resolved in that party's favor." Id. at 802 (punctuation omitted).

So viewed, the record shows that on October 1, 2023, Crook was working as a seasonal "scare actor" at the annual Fright Fest at Six Flags Over Georgia theme park (the "Park"). On October 1, 2023, Crook and other seasonal actors were loaded into the back of a cargo van at the Park. Asia Hendricks, who also worked at the Park, was the driver of the van. The van's door remained open throughout the ride. As Hendricks drove up a hill and around a curve, Crook fell out of the open van door and hit her head on the ground. Crook died as a result of her injuries.

In January 2024, Plaintiff filed a negligence/wrongful death action against Six Flags Over Georgia II, L.P., Six Flags over Georgia, LLC, Six Flags Entertainment Corporation, SFOG II, Inc., Six Flag Theme Parks, Inc., (collectively, the "Six Flags Defendants"), as well as Hendricks. Plaintiff alleged that the Six Flags Defendants "either independently or jointly controlled, oversaw, managed, directed, inspected, operated, and maintained the Six Flags theme park, private access roads, and equipment thereon, including the subject cargo van, its operation, maintenance and the method of its operation and use at the property." According to Plaintiff, Crook was an invitee of the theme park on the incident date. He further contended that the Six Flags Defendants had been negligent in various ways including by failing to: maintain the van Crook was riding in on the day of her death, which did not have passenger seats, seat belts, or other restraints, and lacked safety features such as a functioning door; properly train and supervise Hendricks in operating the van; and provide safe transportation to scare actors, including Crook. As to Hendricks, the

complaint alleged that she operated the vehicle in a reckless manner, including driving at an excessive speed under the circumstances, and she "was acting at the direction and under the control of" and with permission of the Six Flags Defendants.

The Six Flag Defendants filed an answer and a motion to dismiss pursuant to OCGA § 9-11-12(b)(1), arguing in relevant part that the exclusive remedy provision of the Act deprived the trial court of subject matter jurisdiction over Plaintiff's tort claims. Hendricks filed a separate answer and motion to dismiss,[4] also challenging the court's subject matter jurisdiction.[5] After oral argument and limited discovery, the Gwinnett County State Court entered two separate orders granting the motions to dismiss filed by the Six Flags Defendants and Hendricks. More specifically, the court concluded that it lacked subject matter jurisdiction over Plaintiff's claims, which were barred by the exclusive remedy provided by the Act. Plaintiff then filed the instant appeal.

Plaintiff argues in pertinent part that the trial court erred in deciding whether the exclusive remedy provision of the Act applies as a question of subject matter jurisdiction and therefore placing the burden on the Plaintiff to disprove the exclusivity bar.

As a general principle, the WCA is the exclusive remedy for a worker or next of kin who sustains an "injury" arising out of and in the course of employment. See

---

[4] In her motion to dismiss, Hendricks incorporated by reference the arguments contained in the Six Flags Defendants' motion.

[5] Hendricks also filed a supplemental motion to dismiss for failure to state a claim, which the trial court denied.

OCGA §§ 34-9-11(a) ("The rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee, his or her personal representative, parents, dependents, or next of kin, and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death[.]"); 34-9-1(4) (defining an injury or personal injury for purposes of the WCA as an "injury by accident arising out of and in the course of employment"); *Smith v. Camarena*, 352 Ga. App. 797, 798(2) (835 SE2d 712) (2019) (explaining that plaintiffs may not pursue a tort action when a worker's death is compensable under the WCA). "Generally, an injury is compensable [under the Act] only if it arises out of and in the course of the employment. The test presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both." *Mayor & Aldermen of Savannah v. Stevens*, 278 Ga. 166, 166(1) (598 SE2d 456) (2004) (citations omitted); *Kil v. Legend Brothers, LLC*, 350 Ga. App. 680, 681 (830 SE2d 245) (2019) (same).

In its orders addressing the Six Flags Defendants' and Hendricks's motions to dismiss, the state court stated: "For the reasons stated, and based upon the authorities relied upon, by [the defendants] in support of their motion[s], the [c]ourt finds that the [c]ourt lacks subject matter jurisdiction over Plaintiff's claims which are barred by the exclusive remedy provided by [the Act]." In its motion to dismiss, the Six Flags Defendants primarily relied on two cases to argue that the exclusive remedy provision of the Act is a question of subject matter jurisdiction, thereby placing the burden on Plaintiff to disprove the exclusivity bar — *Kellogg Co. v. Pinkston*, 253 Ga. App. 190

(558 SE2d 423) (2001), and *Savannah Hospitality. Servs., LLC v. Scriven*, 350 Ga. App. 195 (828 SE2d 423) (2019).

In *Kellogg*, a husband and wife filed suit against the wife's employer seeking damages for injuries resulting from the wife's exposure to asbestos in the workplace, and derivatively for the husband's loss of consortium. 253 Ga. App. at 190. The husband and wife obtained a default judgment due to the employer's failure to file an answer. Id. The trial court awarded the husband and wife compensatory and punitive damages totaling $4.4 million. Id. The trial court denied the employer's motion to set aside default judgment and to open default. Id. On appeal, this Court ruled that the lower court erred in denying the employer's motion to set aside judgment and refusing to dismiss the complaint for lack of subject matter jurisdiction, as the complaint pleaded a cause of action exclusively within the Act. Id. at 191–92(1). As relevant here, this Court stated: "The rights and remedies of an employee against his or her employer for a work-related injury under the [WCA] foreclose all other remedies at common law or otherwise for such injury, lost service, or death." Id. at 191(1). This Court noted that the plaintiffs had failed to assert any of the exceptions to the exclusive remedy provision of the WCA, which include:

> An employee may maintain a cause of action outside the [WCA] in three circumstances: (1) when the injury is a disease not naturally growing out of injuries arising out of and in the course of employment; (2) the injury is caused by the willful act of a third person directed against such employee for reasons personal to him; or (3) the injury results from willful misconduct on the part of the employer.

6

Id. at 191(1) n.5. This Court therefore concluded that the trial court was under a duty to dismiss the complaint for lack of subject matter jurisdiction. Id. at 191–92(1).

In *Savannah Hospitality Servs.*, an employee was injured in a car accident while driving a work vehicle. 350 Ga. App. at 195–96. On appeal, the employer argued that the trial court erred in denying its motion to dismiss because the plaintiff's claims were barred by the Act's exclusivity provision. Id. at 197. This Court agreed and reversed. Id. at 199–200. Citing to *Kellogg*, the Court explained "the application of the exclusivity bar is akin to an issue of the trial court's subject matter jurisdiction." Id. at 199 n.4.

Although not explicitly mentioned in the defendants' motions to dismiss, another relevant case is *T & R S. Sanitation v. Lowe*, 365 Ga. App. 220 (878 SE2d 77) (2022). In that case, the plaintiff was a passenger on the back of a garbage truck and fell off while the driver navigated a curve at high speed. Id. at 220. This Court remanded the case for the trial court to determine in the first instance whether the plaintiff's claims fell within the scope of the WCA. Id. at 221(1). Again, citing to *Kellogg*, this Court noted that if the trial court found that the claims were within the scope of the Act, then the court would lack subject matter jurisdiction to hear that matter. Id. at 221(1) & n. 3-4. This Court further explained that although the employer did not raise this issue in the trial court, "the court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal." Id. at 221(1) (punctuation omitted).

In the instant appeal, Plaintiff counters that the cases cited by the defendants in their motions to dismiss, and in turn relied upon by the state court, are in conflict with other cases that treat the exclusivity bar of the Act as non-jurisdictional. In *Mullinax v. Pilgrim's Pride Corp.*, in reference to the exclusivity bar of the Act, this Court explicitly stated that "this tort immunity is an affirmative defense." 354 Ga. App. 186, 189(1)(a) (840 SE2d 666) (2020) (citing *Zaldivar v. Prickett*, 297 Ga. 589, 604(2) (774 SE2d 688) (2015)). As an affirmative defense, the burden falls on the party asserting it — the employer — to establish the elements that trigger the exclusivity provision, and the defense can be waived. See *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83, 84-85 (295 SE2d 841) (1982) (because there was no indication in the record that the employer raised its statutory employer defense at trial, the employer could not raise the issue for the first time on appeal from a denial of its motion for directed verdict); *Utz v. Powell*, 160 Ga. App. 888, 889–90(1) (288 SE2d 601) (1982) (where issue as to whether negligence action could be maintained against fellow employee or was barred by WCA was raised defensively in tort action, trial court did not err in submitting that issue to the jury where plaintiff did not move for summary judgment before trial on issue of fellow-employee defense).

"Subject matter jurisdiction is simply a power that is conferred by law upon a class of cases that authorizes a court within such class to grant a particular form of relief that might be sought by, or accorded to, a party before it." *Wallace v. Meyer*, 260 Ga. 253, 255(5)(b) (394 SE2d 350) (1990). In Georgia, "[t]he superior courts shall have jurisdiction in all cases, except as otherwise provided in [the Georgia] Constitution." Ga. Const. Art. VI, Sec. IV, Par. I. And state courts in Georgia have

8

limited county-level jurisdiction to hear, among other things, misdemeanor criminal violations and general civil actions. OCGA § 15-7-4(a). As noted above, the Act provides benefits to employees who are injured in accidents "arising out of and in the course of" their employment. *Doss v. Food Lion,* 267 Ga. 312, 312(1) (477 SE2d 577) (1996). And when the WCA applies, it provides an employee's exclusive remedy against his employer, as well as the employer's workers' compensation carrier. Id. (employer); *United States Fire Ins. Co. v. Day*, 136 Ga. App. 359, 363–64 (221 SE2d 467) (1975) (insurance carrier). If a plaintiff's claims fall within the scope of the Act, the State Board of Workers' Compensation has exclusive jurisdiction over claims under the Act. Under these circumstances, trial courts "[do] not have subject matter jurisdiction to order the payment of workers' compensation benefits." *Royal Indemnity Co. v. Ga. Insurers Insolvency Pool*, 284 Ga. App. 787, 789 (644 SE2d 279) (2007). However, this does not mean that trial courts lack subject matter jurisdiction to consider whether the exclusivity bar applies in an employee's tort action. Put another way, whether an employer is entitled to tort immunity does not deprive the state court of its jurisdiction over the subject matter, which in the instant case is a wrongful death lawsuit.[6] See *Treaster v. Betts*, 324 SW3d 489–90 (Mo. 2010) ("To the extent that some cases have held that a court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a [trial court's] jurisdiction — a matter determined under [Georgia's] constitution

---

[6] Importantly, not every cause of action stemming from an incident in a workplace is covered under the Act.

9

— with the separate issue of the [trial court's] statutory or common law authority to grant relief in a particular case." (citation modified)).

And contrary to the statements made in *Kellogg*, *Savannah Hospitality Servs.*, and *T & R S. Sanitation*, our precedent consists of countless cases that treat the exclusivity bar as a statutory affirmative defense, rather than a question of jurisdiction. See, e.g., *Smith v. Ellis*, 291 Ga. 566, 578(3)(e) (731 SE2d 731) (2012) (reversing grant of summary judgment to defendant employer on the ground that the Act's exclusive remedy provision barred tort action, where genuine issues of material fact remained as to whether the co-worker was acting in the course of his employment when he injured the plaintiff); *Lindsey v. Winn Dixie Stores*, 186 Ga. App. 867, 868(1) (368 SE2d 813) (1988) (reversing grant of summary judgment where evidence did not establish as a matter of law the existence of any causal relationship between the plaintiff's performance of his duties at the supermarket and the incident which gave rise to this action; there was evidence to show that the perpetrator attacked the plaintiff for reasons which were purely personal, outside the scope of the Act); *Dawson v. Wal-Mart Stores*, 324 Ga. App. 604, 609(2) (751 SE2d 426) (2013) (affirming trial court's grant of summary judgment and dismissal of plaintiff-employee's personal injury suit where attack arose out of employment when victim and attacker were unknown to each other and job required employee to walk through a public parking lot during the dark, early morning hours); *Estes v. G&W Carriers, LLC*, 354 Ga. App. 156, 157–59(2) (840 SE2d 486) (2020) (affirming grant of summary judgment to employer where there was no question of fact that plaintiff was an employee, rather than an independent contractor, and thus her personal injury

action against the company was barred by the exclusive remedy provision of the Act). See also *Knight v. Gonzalez*, 181 Ga. App. 468, 469 (352 SE2d 646) (1987) ("The issue of whether an injury arises out of and in the course of employment is a mixed question of fact and law. When the issue of compensability under the workers' compensation law as a bar to recovery arises defensively in a tort action, the normal procedure is for the jury to find facts and then to apply to those facts the law as given by the trial court in its instructions." (citing *Utz*, 160 Ga. App. at 889; citation modified)).

Notably, none of the authorities cited by the Six Flags Defendants and Hendricks, and relied upon by the state court in granting their motions to dismiss based on lack of subject matter jurisdiction, contain any discussion of the WCA as a whole, nor do they substantively analyze or support treating the exclusivity bar as jurisdictional. In *Kellogg*, after pointing out that the plaintiffs' complaint included causes of action for work-related injuries, and the plaintiffs had failed to plead any of the exclusivity exceptions to the Act, the opinion concluded that the trial court "was under a duty to dismiss the [plaintiffs'] complaint for lack of subject matter jurisdiction." 253 Ga. App. at 192(1). The opinion went on to cite OCGA § 9-11-12(h)(3), which states that: "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. *Kellogg* also cited to *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (279 SE2d 244) (1981), a case involving parental rights, for the proposition that "[j]urisdiction either exists or does not exist without regard to the merit of the case." *Kellogg*, 253 Ga. App. at 192(1). The other two cases (*Savannah Hospitality Servs.* and *T & R S. Sanitation)* in turn simply cite to *Kellogg* in support of the holding that the Act's exclusivity bar is jurisdictional. See

*Savannah Hospitality Servs.*, 350 Ga. App. at 199 n.4; *T & R S. Sanitation*, 365 Ga. App. at 221(1). To the extent that *Kellogg*, *Savannah Hosp. Servs.*, and *T & R S. Sanitation* can be construed as treating the exclusivity bar as jurisdictional, they are hereby disapproved.

Based on the foregoing, we conclude that the trial court erred in treating the exclusivity bar as jurisdictional, and therefore, also erred in holding that Plaintiff bore the burden of proving that the Act did not apply in the instant case. We therefore reverse the court's orders dismissing Plaintiff's suit for lack of subject matter jurisdiction and remand to the trial court for further proceedings not inconsistent with this opinion.[7]

*Judgment reversed and case remanded with direction. Dillard, P. J., and Pipkin, J., concur fully and specially.*

---

[7] In light of this holding, we decline to reach the merits of Plaintiff's arguments regarding the nature of the corporate structure among the Six Flags Defendants and whether Plaintiff's claims against the Six Flags Defendants and Hendricks are barred by the exclusivity remedy provision of the Act. Cf. *Perry v. Emory Healthcare Svcs. Mgmt.*, 374 Ga. App. 41, 43 (911 SE2d 229) (2025) (where a motion to dismiss is premised on an affirmative defense, such motion can be granted "only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings"); *Patterson v. United Svcs. Auto. Ass'n*, 375 Ga. App. 821, 821 (917 SE2d 799) (2025) ("When a trial court considers a motion to dismiss, it may only consider exhibits attached to and incorporated into the complaint and answer; consideration of matters outside the pleadings converts the motion to one for summary judgment." (quotation marks omitted)).

A26A0470. CROOK et al. v. SIX FLAGS OVER GEORGIA II, L.P. et al.

DILLARD, Presiding Judge, concurring specially.

I concur fully in the majority's thoughtful opinion. There was *never* any textual foundation for this Court to conclude that the exclusive-remedy provision of Georgia's Workers' Compensation Act divested courts of subject-matter jurisdiction over such cases. Consider the relevant text: "The rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee ... and all other civil liabilities ... on account of such injury,

loss of service, or death … .”[1] There is no textual restriction, then, in the exclusive-remedy provision limiting the subject-matter jurisdiction of Georgia courts. And importantly, the General Assembly is perfectly capable of addressing or legislating about subject-matter jurisdiction when it wishes to do so.[2] So, in the absence of an express, *permissible* textual limitation of subject-matter jurisdiction, we will not infer

---

[1] OCGA § 34-9-11 (a).

[2] See, e.g., OCGA § 15-1-2 (providing that consent of parties cannot confer subject-matter jurisdiction on court); OCGA § 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."); OCGA § 9-11-12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading … shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing: (1) Lack of jurisdiction over the subject matter … ."); OCGA § 50-21-26(a)(3) ("No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection … ."); OCGA § 19-8-2(a) ("The superior courts of the several counties shall have exclusive jurisdiction in all matters of adoption."); OCGA § 44-2-60 ("For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon."); OCGA § 15-7-4(a) ("Each state court shall have jurisdiction, within the territorial limits of the county or counties for which it was created and concurrent with the superior courts, over the following matters … .").

one.[3] Such an interpretive principle seems especially appropriate in light of (1) our

duty to abide by the ordinary signification of statutory text,[4] (2) superior courts being

_____

[3] See *Alli v. Ultra Grp. of Companies, Inc.*, 366 Ga. App. 670, 672–73 (883 SE2d 888) (2023) ("[OCGA § 50-27-102(d)] does not state that COAMs have exclusive jurisdiction over COAM contract claims between licensees, and a court of law is not authorized to rewrite the statute by inserting additional language that would expand its application. The General Assembly could have vested the GLC with exclusive jurisdiction, and it elected not to do so. The jurisdiction of superior courts in Georgia is vested by the Constitution of the State of Georgia and by statute. And neither the legislature nor a judge can limit the jurisdiction of a superior court. Accordingly, the superior court properly concluded that [appellee's] claims are within its subject-matter jurisdiction." (citation modified)). See also *Ga. Pines Cmty. Serv. Bd. v. Summerlin*, 282 Ga. 339, 343(2) (647 SE2d 566) (2007) (rejecting Board's argument that "in cases arising under the Georgia Tort Claims Act, any defect in service of process deprives the trial court of subject matter jurisdiction and therefore cannot be waived" as "meritless," and noting "[t]he service of process provision of the Georgia Tort Claims Act is procedural in nature, not jurisdictional."). Cf. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (126 SCt 1235, 163 LEd2d 1097) (2006) (noting that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").

[4] See OCGA § 1-3-1(b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words ...."). See also *State v. Able*, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) ("A judge is charged with interpreting the law in accordance with the original [or] plain meaning of the text at issue (and all that the text fairly implies) ... ."); *Singletary v. State*, 310 Ga. App. 570, 572 (713 SE2d 698) (2011) ("In construing these statutes, we apply the fundamental rules of statutory construction that require us to construe the statutes according to their terms, [and] to give words their plain and ordinary meaning ... ." (punctuation omitted)).

courts of general jurisdiction,[5] *and* (3) the breadth and scope of the judicial power under the Georgia Constitution.[6]

Moreover, as the majority rightly points out, the decisions relied on by the Six Flags defendants to argue that the exclusive-remedy provision strips our courts of subject-matter jurisdiction over workers' compensation cases are bereft of any reasoning supporting such a claim. In *Kellogg v. Pinkston*,[7] our subject-matter

---

[5] See, e.g., Ga. Const. of 1983, Art. VI, Sec. IV, Par. I ("The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution."). Significantly, this constitutional provision "establishes the superior courts as courts of general jurisdiction[.]" *Mosley v. Lancaster*, 296 Ga. 862, 866 (2) (770 SE2d 873) (2015).

[6] See Ga. Const. of 1983, Art. VI, Sec. I, Par. I ("The judicial power of the state shall be vested *exclusively* in the following classes of courts ...." (emphasis supplied)). See also *Sons of Confederate Veterans et al. v. Newton Cnty. Bd. of Commissioners*, 368 Ga. App. 511, 522-23 (890 SE2d 468) (2023) (Dillard, P.J., concurring dubitante) ("So, what does the insertion of 'exclusively' into the text of the Judicial Power Paragraph mean in how we are to understand the nature of the judicial power in Georgia? Simple logic dictates it means at least three things (and possibly more): (1) to the extent the executive or legislative branches of Georgia's government previously exercised any type of judicial power or acted in a way that directly or indirectly diminished the judicial power, they are no longer authorized to do so; (2) the fundamental nature of the judicial power (as exercised by the courts outlined in the Georgia Constitution's Judicial Power Paragraph) has been dramatically strengthened because of this new exclusivity—as that power now resides *solely* with the state judiciary; and (3) the exclusivity of this judicial power unquestionably has separation-of-powers implications.").

[7] 253 Ga. App. 190 (558 SE2d 423) (2001).

4

jurisdiction "analysis" amounts to no more than a citation to OCGA § 9-11-12 (h)(3)'s text[8] and the rather banal exhortation that "[j]urisdiction either exists or does not exist without regard to the merit of the case."[9] And in *Savannah Hospitality Services, LLC v. Scriven*,[10] we merely rely on the *Kellogg* Court's reasoning (such as it

---

[8] See id. at 192(1). See also OCGA § 9-11-12 (h)(3) ("Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

[9] *Kellogg*, 253 Ga. App. at 192(1), quoting *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (279 SE2d 244) (1981).

[10] 350 Ga. App. 195 (828 SE2d 423) (2019).

5

is) in making the same determination.[11] Suffice it to say, for *stare decisis*[12] to be respected, the precedent at issue must have at least some basis in law.[13]

---

[11] *See Scriven*, 350 Ga. App. at 199 n.4 (noting that "[w]e have held that the application of the exclusivity bar is akin to an issue of the trial court's subject[-]matter jurisdiction," and that the state court in *Kellogg* "erred in denying motion to set aside default judgment in tort case because workers' compensation was exclusive remedy; therefore, state court lacked subject matter jurisdiction"). See also *Simmons v. Solo Cup Operating Corp.*, 373 Ga. App. 69, 70(1) (907 SE2d 377) (2024) (noting that "[b]eginning with *Kellogg Co. v. Pinkston*, this Court has held that the exclusivity bar is an issue of subject-matter jurisdiction" (citation omitted)); *T & R S. Sanitation v. Lowe*, 365 Ga. App. 220, 221(1) n.4, n.5 (878 SE2d 77) (2022) (relying on *Kellogg* and *Scriven* for the proposition that claims falling with the scope of the Workers' Compensation Act divest courts of subject-matter jurisdiction, and remanding case to the trial court "because [appellee's] complaint pleads causes of action for a work-related injury … [and may be] precluded by the exclusive[-]remedy provision of the Workers' Compensation Act … .").

[12] *Stare decisis* is short for "stare decisis et non quieta movere," a foundational Latin legal maxim which translates to "stand by the thing decided and do not disturb the calm." See James C. Rehnquist, Note, *The Power That Shall Be Vested in a Precedent: Stare Decisis, the Constitution and the Supreme Court*, 66 B.U. L. Rev. 345, 347 (1986).

[13] See, e.g., *Ellison v. Georgia R.R. & Banking Co.*, 87 Ga. 691, 696 (1) (13 SE 809) (1891) (Bleckley, C.J.) (noting that, when encountering "a great and glaring error affecting the current administration of justice," the "maxim for a supreme court … is not [s]tare decisis, but [f]iat justitia ruat coelum [let justice be done, though the heavens fall]"). See also *Ammons v. State*, 315 Ga. 149, 169(1) (880 SE2d 544) (2022) (Pinson, J., concurring) (noting that "the rule of law can … be undermined by perpetuating decisions that are obviously and harmfully wrong," and "[w]hen sticking to such decisions would cause more damage to the rule of law than correcting course, courts may choose overruling as the lesser evil.").

6

Unsurprisingly, an invocation of *stare decisis* is often made "most fervently when the precedent at issue is least defensible."[14] But a raw appeal to *stare decisis* and nothing more is no argument at all. And this is all the Six Flags defendants offer us in defense of the trial court's order: precedents with no basis in law.

Finally, as the majority correctly explains, decisions like *Kellogg* and *Scriven* are in conflict with other decisions of this Court and (more importantly) the Supreme Court of Georgia—which treat the exclusive-remedy provision of the Workers' Compensation Act as a non-jurisdictional tort immunity that can be used by an employer as an affirmative defense in appropriate cases.[15] So, while it is true that if a

_____

[14] *Gamble v. United States*, 587 U.S. 678, 724–25(II) (139 SCt 1960, 204 LE2d 322) (2019) (Thomas, J., concurring).

[15] See *Smith v. Ellis*, 291 Ga. 566, 578 (731 SE2d 731) (2012) (Nahmias, J.) (reversing trial court's grant of summary judgment to employer because there was a genuine issue of material fact as to whether "[the employee] was acting in the course of his employment when he injured [the plaintiff] ..."); *Johnson v. Hensel Phelps Const. Co.*, 250 Ga. 83, 84 (295 SE2d 841) (1982) (noting that "[t]here being no indication in the record that [appellee] ever raised its statutory[-]employer defense at trial, appellee may not now inject that issue for the first time on appeal of the denial of its motion for directed verdict."); *Mullinax v. Pilgrim's Pride Corp.*, 354 Ga. App. 186, 188–89(1)(a) (840 SE2d 666) (2020) (holding that the exclusive-remedy provision of the Workers' Compensation Act provides employers with a tort-immunity affirmative defense, which can result in summary judgment being granted to an employer when there is no genuine issue of material fact as to whether the employee was injured in the scope of his or her employment); *Utz v. Powell*, 160 Ga. App. 888, 889(1) (288 SE2d

7

claim falls within the Workers' Compensation Act, the State Board of Workers'

Compensation has exclusive jurisdiction over it,[16] this does not mean our courts lack

jurisdiction to determine whether the exclusive-remedy provision applies to an

---

601) (1982) (noting that "when the issue of compensability under the workers' compensation law as a bar to recovery arises defensively in a tort action ... the normal procedure is for the jury to find facts and then to apply to those facts the law as given by the trial court in its instructions").

[16] *Royal Indem. Co. v. Ga. Insurers Insolvency Pool*, 284 Ga. App. 787, 789 (644 SE2d 279) (2007) (noting that the trial court "did not have subject[-]matter jurisdiction to order the payment of workers' compensation benefits" because the State Board of Workers' Compensation has "exclusive original jurisdiction of claims under the Workers' Compensation Law" (citation modified)).

employee's tort action in the first place.[17] It is long past time to put this faux jurisdictional bar to rest, and this is an appropriate vehicle for doing so.

I am authorized to state that Judge Pipkin joins this special concurrence, which fully joins the majority opinion.

---

[17] See *Treaster v. Betts*, 324 SW3d 487, 489–90 (Mo. Ct. App. 2010)("To the extent that some cases have held that a court has no jurisdiction to determine a matter over which it has subject matter and personal jurisdiction, those cases have confused the concept of a circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case." (citation modified)); *Brown v. Ehlert*, 255 Mont. 140, 142 (841 P2d 510) (1992) (holding that workers' compensation exclusivity and co-employee immunity are not matters going to the trial court's subject-matter jurisdiction, but are instead affirmative defenses which are waived if not raised timely). See also *Edward v. GEC, LLC*, 67 V.I. 745, 756(2)(b) (2017) (noting that "courts in other jurisdictions have repeatedly interpreted similar workers' compensation immunity statutes as not establishing limits on subject-matter jurisdiction, but simply codifying affirmative defenses which may be waived if not timely asserted"). Cf. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U. S. 118, 128(II) & n.4, 129(III) (134 SCt 1377, 188 LE2d 392) (2014) (Scalia, J.) (finding the question of whether a plaintiff "has a cause of action under the statute" is "a straightforward question of statutory interpretation[,]" one that "does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case" (punctuation omitted)); *Stillwell v. Topa Ins. Co.*, 363 Ga. App. 126, 131(1) (871 SE2d 8) (2022) ("[T]he question of whether a plaintiff has a cause of action under a particular statute is an ordinary issue of statutory interpretation, not a jurisdictional question."); *Somerville v. White*, 337 Ga. App. 414, 417-18(1) (787 SE2d 350) (2016) (noting that "longstanding precedential authority" and OCGA § 9-2-8(a) require a private right of action to be expressly provided for in a statute's text and prohibit courts from creating implied causes of action).